**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **MEETRIX IP, LLC,** § <br> § <br> **Plaintiff,** § <br> § **Case No. 1:18-cv-00309** <br> v. § <br> § **JURY TRIAL DEMANDED** <br> **CISCO SYSTEMS, INC.,** § <br> § <br> **Defendant.** § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Meetrix IP, LLC ("Meetrix" or "Plaintiff"), by and through its attorneys, for its Complaint against Cisco Systems, Inc. ("Cisco" or "Defendant"), hereby alleges as follows:

**I.   NATURE OF THE ACTION**

1. This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions.

2. Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,253,332 (the "'332 Patent"), issued February 2, 2016, for "Voice Conference Call Using PSTN and Internet Networks."  A true and correct copy of the '332 Patent is attached hereto as Exhibit A.

3. Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,094,525 (the "'525 Patent"), issued July 28, 2015, for "Audio-Video Multi-Participant Conference Systems Using PSTN and Internet Networks."  A true and correct copy of the '525 Patent is attached hereto as Exhibit B.

4. Meetrix is owner of all right, title, and interest in and to United States Patent No.

8,339,997 (the "'997 Patent"), issued December 25, 2012, for "Media Based-Collaboration Using Mixed-Mode PSTN and Internet Networks." A true and correct copy of the '997 Patent is attached hereto as Exhibit C.

5. Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,843,612 (the "'612 Patent"), issued December 12, 2017, for "Voice Conference Call Using PSTN and Internet Networks." A true and correct copy of the '612 Patent is attached hereto as Exhibit D.

6. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner, including its customers, who directly infringe the '332 Patent, the '525 Patent and the '997 Patent ("Patents-in-Suit").

7. Plaintiff Meetrix seeks monetary damages and prejudgment interest for Defendant's past infringement of the Patents-in-Suit.

## II. THE PARTIES

8. Plaintiff Meetrix IP, LLC is company organized and existing under the laws of the State of Texas.

9. Upon information and belief, Cisco Systems, Inc. is a California corporation authorized to do business in the State of Texas. Cisco may be served through its agent for service of process Prentice Hall Corporation System at 211 E. 7th Street, Ste. 620, Austin, Texas, 78701-3218. Cisco transacts business within the State of Texas and this District.

## III. JURISDICTION AND VENUE

10. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction

over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant because it has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum. For example, Defendant has committed acts of infringement in this District, by among others things, offering to sell and selling products and services that infringe the asserted patents, including the accused devices as alleged herein.

12. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l (b), (c) and l400(b) because Defendant has an established place of business in this District, including at 12515 Research Blvd., Building 3, Austin, TX 78759, has committed acts within this judicial district giving rise to this action, and Defendant continues to conduct business in this judicial district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing service and support to Defendant's customers in this District.

## IV.  THE PATENTS-IN-SUIT

13. The Patents-in-Suit disclose systems and methods of audio-video conferencing collaboration. The precise elements and limitations of each patent claim define the contours of the inventions, and any summary should not be understood a proxy for claim scope.

14. At a very high level, the '525 Patent discloses converging a public switched telephone network ("PSTN") communication with audio-video communications over a data network. Generally, the '332 Patent discloses converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network. The '997 Patent discloses the provisioning of multiple secured network communications using multicast

technology with at least one PSTN communication. Finally, the '612 Patent discloses converging a PSTN communication with audio-video communications by dialing out to the establish PSTN connection using a secure data network.

15. Meetrix has obtained all substantial right and interest to the Patents-in-Suit, including the right to recover for all past and future infringements thereof.

## V. DEFENDANT'S ACTS

16. Defendant manufactures, provides, sells, offers for sale, and/or distributes infringing devices, including video conferencing software (a/k/a software-as-a-service ("SAAS")). Such devices include, but are not limited to Cisco's WebEx Meeting and all other substantially similar products and services.

17. Based on information and belief, Defendant's infringing products (including WebEx Meeting) provide a means to conduct a multi-participant audio/video conference call over the Internet. WebEx Meeting facilitates online meetings, allowing its users to connect via a phone or computer to share collaboration data over a secured private connection over the Internet.

18. Specifically, WebEx Meeting allows a participant (*e.g.* phone participant) to participate and connect to an online meeting over a PSTN connection (*e.g.* "land line," cell phone, *etc.*). Such a participant can then talk with a second participant (*e.g.* moderator or host) who may be connected using a different form of audio (and/or video) communication, such as VoIP or web conferencing communications. It allows, a third participant (*e.g.* remote user) connects to the conference over a private secure data network connection for audio/video communications and to share collaboration data (*e.g.* electronic presentation, electronic documents, *etc.*) with the other participants. WebEx Meeting mixes the different forms of communication such that the remote user can communicate with the phone participant (using a PSTN), as well as the moderator

communicating over a secure data network connection. Likewise, the system enables the phone participant to hear both the moderator and the remote audio communications by mixing the different audio signals. In this regard, WebEx Meeting infringes at least claim 1 of the '332 Patent and '525 Patent.

19. Additionally, WebEx Meeting allows several online participants to connect to a conference by sending a message (*e.g.* invitation) to a group of multicast appliances (*e.g.* remote computers). Each participant is connected to the online conference using a private secure connection. The system is able to facilitate a telephonic participant who dials-in, provides a conference ID and is then authenticated. Once authenticated, the telephonic participant is able to communicate with the other online participants who are connected over a data network. In this regard, WebEx Meeting infringes at least claim 1 of the '997 Patent.

20. WebEx Meeting employs various types of security, thereby achieving a "highly secure" meeting experience, as set forth below:

### Overview of the Highly Secure WebEx Meeting Experience

The WebEx meeting experience encompasses:

- Meeting-site configuration
- Security options for scheduling
- Options for starting and joining a WebEx meeting
- Encryption technologies
- Transport-layer security
- Firewall compatibility
- Meeting data privacy
- In-meeting security
- Single sign-on
- Third-party accreditations (independent audits validate Cisco WebEx security)

http://www.webex.com/includes/documents/security_webex.pdf

21. Based on information and belief, Cisco has had knowledge of its infringement of the Patents-in-Suit at least as early as approximately 2013, when Cisco offered to purchase the Patents-in-Suit from Meetrix Communications, Inc. Thus, upon information and belief, Defendant has had notice and actual or constructive knowledge of the Patents-in-Suit at least since then. Additionally, Defendant has had knowledge of the Patents-in-Suit at least as early as the service of this Complaint.

22. Moreover, Cisco has received actual and/or constructive notice of the Patents-in-Suit in connection with its own prosecution activities before the United States Patent & Trademark Office, including in connection with the applications giving rise to Cisco's own U.S. Patent Nos. 8,037,393; 8,582,468; 8,667,095; 8,873,561; 8,953,486 and 9,357,164.

23. With knowledge of the Patents-in-Suit, Defendant intentionally provides services and instructions for the installation and infringing operation of infringing products (including, by way of example, the resources and materials available at https://www.cisco.com/c/en/us/support/conferencing/webex-meetings-server/products-installation-guides-list.html and https://www.cisco.com/c/en/us/products/security/implementation-services.html) to the customers of its products, who directly infringe through the operation of those products.

24. Through its actions, Defendant has infringed the Patents-in-Suit and actively promoted others to infringe the Patents-in-Suit throughout the United States, including by customers within the Western District of Texas. On information and belief, Defendant induces its customers to infringe and contributes to the infringement of its customers by instructing or specifying that its customers operate WebEx Meeting and other similar infringing products and

ORIGINAL COMPLAINT
-6-

services, in a manner as described above. Defendant specifies that the infringing products operate in an infringing manner by providing manuals and customer support related to their infringing products.

25. Defendant, with knowledge of the Patents-in-Suit, contribute to the infringement of the Patents-in-Suit, by having its direct and indirect customers sell, offer for sale, use, or import WebEx Meeting, as well as all other substantially similar products, with knowledge that such products infringe the Patents-in-Suit. On information and belief, Defendant's accused devices are especially made or adapted for infringing the Patents-in-Suit, and have no substantially non-infringing uses. For example, Defendant's products contain the functionality to specifically allow a participant to connect to an online conference using a PSTN and communicate with other participants with data connections over a secured connection– functionality which is material to practicing the Patents-in-Suit. Based on information and belief, this functionality has no substantially non-infringing uses.

26. Meetrix has been and will continue to suffer damages as a result of Defendant's infringing acts.

## COUNT ONE
### PATENT INFRINGEMENT—U.S. PATENT NO. 9,253,332

27. Plaintiff Meetrix realleges and incorporates herein paragraphs 1–26.

28. Defendant, without authorization or license from Meetrix, has been and is presently directly infringing at least claim 1 of the '332 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '332 Patent. Defendant is thus liable for direct infringement of the '332 Patent pursuant to 35 U.S.C. § 271(a). Exemplary infringing

products include WebEx Meeting.

29. On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '332 Patent, including actively inducing infringement of the '352 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '332 Patent.  Defendant instructs its customers to make and use the patented inventions of the '332 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

30. Upon information and belief, Defendant has jointly infringed the '332 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

31. Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## COUNT TWO

### PATENT INFRINGEMENT—U.S. PATENT NO. 9,094,525

32. Plaintiff Meetrix realleges and incorporates herein paragraphs 1–31.

33. Defendant, without authorization or license from Meetrix, has been and is presently directly infringing at least claim 1 of the '525 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for

sale methods and articles infringing one or more claims of the '525 Patent. Defendant is thus liable for direct infringement of the '525 Patent pursuant to 35 U.S.C. § 271(a). Exemplary infringing products include WebEx Meeting.

34. On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '525 Patent, including actively inducing infringement of the '352 Patent under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '525 Patent. Defendant instructs its customers to make and use the patented inventions of the '525 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide a converged public switched telephone network and audio-video communications over a data network, as set forth above.

35. Upon information and belief, Defendant has jointly infringed the '525 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

36. Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## COUNT THREE
### PATENT INFRINGEMENT—U.S. PATENT NO. 8,339,997

37. Plaintiff Meetrix realleges and incorporates herein paragraphs 1–36.

38. Defendant, without authorization or license from Meetrix, has been and is presently

directly infringing at least claim 1 of the '997 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '997 Patent.  Defendant is thus liable for direct infringement of the '997 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include WebEx Meeting.

39. On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '997 Patent, including actively inducing infringement of the '352 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '997 Patent.  Defendant instructs its customers to make and use the patented inventions of the '997 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide provisioning of multiple secured network communications using multicast technology with at least one PSTN communication, as set forth above.

40. Upon information and belief, Defendant has jointly infringed the '997 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

41. Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## COUNT FOUR
## PATENT INFRINGEMENT—U.S. PATENT NO. 9,843,612

42. Plaintiff Meetrix realleges and incorporates herein paragraphs 1–41.

43. Defendant, without authorization or license from Meetrix, has been and is presently directly infringing at least claim 1 of the '612 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '612 Patent. Defendant is thus liable for direct infringement of the '612 Patent pursuant to 35 U.S.C. § 271(a). Exemplary infringing products include WebEx Meeting.

44. On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '612 Patent, including actively inducing infringement of the '352 Patent under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '612 Patent. Defendant instructs its customers to make and use the patented inventions of the '612 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converged PSTN communications with audio-video communications by dialing out to establish the PSTN connection using a secure data network, as set forth above.

45. Upon information and belief, Defendant has jointly infringed the '612 Patent, including by controlling and/or directing others to perform one or more of the claimed method

steps.

46. Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## VI.    WILLFUL INFRINGEMENT

47. On information and belief, at least as early as approximately 2013, Defendant has knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit. Upon information and belief, Defendant had actual notice of infringement of at least one or more of the Patents-in-Suit, and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights.

48. This objectively-defined risk was either known or so obvious that it should have been known to Defendant. Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284.

## VII.    JURY DEMAND

49. Plaintiff Meetrix hereby demands a jury on all issues so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Meetrix respectfully requests that the Court:

   A.   Enter judgment that Defendant infringes one or more claims of the Patents-in-Suit literally and/or under the doctrine of equivalents;

   B.   Award Plaintiff Meetrix past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of Patents-in-Suit in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

   C.   Declare this case exceptional pursuant to 35 U.S.C. §285; and

   D.   Award Plaintiff Meetrix its costs, disbursements, attorneys' fees,

and such further and additional relief as is deemed appropriate by this Court.

Dated:  April 13, 2018                Respectfully submitted,

By:     */s/ Andrew G. DiNovo*
        Andrew G. DiNovo
        Texas State Bar No. 00790594
        adinovo@dinovoprice.com
        Daniel L. Schmid
        Texas State Bar No. 24093118
        dschmid@dinovoprice.com
        **DiNovo Price LLP**
        7000 N. MoPac Expressway, Suite 350
        Austin, Texas  78731
        Telephone:  (512) 539-2626
        Telecopier:  (512) 539-2627

        John D. Saba, Jr.
        Texas State Bar No. 24037415
        john@wittliffcutter.com
        W. Reid Wittliff
        Texas State Bar No. 00791951
        reid@wittliffcutter.com
        Ryan A. Botkin
        Texas State Bar No. 00793366
        ryan@wittliffcutter.com
        WITTLIFF | CUTTER | AUSTIN, PLLC
        1803 West Ave.
        Austin, Texas 78701
        Telephone: (512) 960-4388
        Facsimile:  (512) 960-4869

        **ATTORNEYS FOR PLAINTIFF
        MEETRIX IP, LLC**