**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Civil No. 1:18-cv-00309-LY** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ..................................................................................................1

II.     SUMMARY OF ALLEGATIONS ........................................................................2

III.    ARGUMENT ........................................................................................................4

      A.      Legal Standards............................................................................................ 4

      B.      Meetrix Fails to State Claims for Joint Infringement ............................................ 7

      C.      Meetrix Fails to State Claims for Indirect Infringement...................................... 10

            1.      *Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit* ............................................. 10

            2.      *Meetrix's induced and contributory infringement allegations are conclusory and insufficient to state plausible claims* ............................. 12

      D.      Meetrix Fails to State a Claim for Willful Infringement ...................................... 13

            1.      *Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit and the Alleged Infringement*.............. 14

            2.      *Meetrix fails to allege facts to plausibly show that Cisco engaged in egregious, piratical conduct* .................................................................. 16

IV.     CONCLUSION....................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015)...............5, 8, 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 4-5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323
     (Fed. Cir. 2012).................................................................................................6

*Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279 (Fed. Cir.
     2011) .................................................................................................................8

*CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF,
     2017 WL 662489 (D. Nev. Feb. 17, 2017) .....................................................7

*Commil USA v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015)..........................................5

*Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171 RWS,
     2016 WL 2902482 (E.D. Tex. Mar. 30, 2016) ...............................................5

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357 (Fed. Cir. 2017) ...........6

*Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-00072-BLF, 2017 WL 2462423
     (N.D. Cal. Jun. 7, 2017).............................................................................7, 17

*Finjan, Inc. v. Juniper Networks, Inc.,* No. C 17-05659 WHA, 2018 WL 905909
     (N.D. Cal. Feb. 14, 2018)...............................................................................17

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)............................ 6-7, 16

*Iron Oak Techs., LLC v. Acer America Corp. et. al.*, No. 6:17–cv–00143–RP–
     JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017)...................................13

*Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*,
     No. 1–14–CV–134–LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ................5-6, 12-13

*Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016) ........................................... 5, 8-9

*Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232
     (W.D. Tex. May 15, 2009).................................................................................2

*MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225
     (D. Del. 2012) .................................................................................................11

*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) ...................................9

*Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS–
CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017)............................................11, 17

*Progme Corp. v. Comcast Cable Commun'cns LLC*, No. 17-1488,
2017 WL 5070723 (E.D. Pa. Nov. 3, 2017) ...........................................................9

*Solannex, Inc. v. MiaSole*, No. C 11–00171 PSG, 2011 WL 4021558
(N.D. Cal. Sept. 9, 2011) ......................................................................................14

*State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226 (Fed. Cir. 1985) .....................14

*Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772
(D. Del. Jul. 12, 2016)......................................................................................7, 12

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) ...................................6, 14

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................3

35 U.S.C. § 271(c) ........................................................................................................3

35 U.S.C. § 284 .............................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12 (b)(6).............................................................................................1

I.       **INTRODUCTION**

Meetrix IP, LLC's First Amended Complaint fails to allege plausible claims of joint, indirect, and willful patent infringement. Pursuant to Fed. R. Civ. P. 12 (b)(6), these claims should be dismissed.

First, for each of the four asserted patents, Meetrix includes boilerplate allegations of joint infringement that do not provide sufficient facts regarding how Cisco allegedly "controls and/or directs" unnamed "others" or "users" in performing one or more steps of the claimed methods, nor specifies the steps they perform. Moreover, Meetrix does not provide any facts to show the nature of the relationship between Cisco and the unnamed others that could plausibly establish the level of direction and control required to state claims for joint infringement.

Second, Meetrix's indirect infringement claims are based on Cisco's alleged "actual or constructive knowledge" of the patents, but its claims are legally and factually implausible. The caselaw is clear that constructive knowledge is insufficient for indirect infringement (and Meetrix supplies no facts to establish such knowledge in any case). Meetrix's allegation of pre-suit knowledge is based entirely on the claim that Cisco knew about the asserted patents from prosecuting its own patents, but courts have rejected such allegations. Moreover, the alleged Cisco-owned patents Meetrix identifies do not cite to any of the four asserted patents and therefore cannot possibly establish that Cisco knew of them before this suit was filed.

Even if Meetrix had adequately shown a plausible basis for pre-suit knowledge of the asserted patents, its indirect infringement allegations would still fail to state a claim because they are merely conclusory recitations of the statutory elements. This Court and others have held that such boilerplate allegations are insufficient to state claims for induced or contributory infringement.

Lastly, Meetrix's boilerplate willful infringement allegations lack any facts to show either pre-suit notice of the patents or the alleged infringement, nor do the allegations show the kind of "egregious," "piratical" conduct that is required to state a claim. Indeed, Meetrix alleges no facts about Cisco's conduct or intent that could give rise to a plausible inference that it has willfully infringed. Accordingly, the Court should grant Cisco's motion and dismiss Meetrix's joint, indirect, and willful infringement claims.[1]

## II.  SUMMARY OF ALLEGATIONS

On April 20, 2018, Meetrix commenced this action by filing a Complaint for Patent Infringement in this Court, against Cisco (the "Original Complaint"). *See* D.I. 1. On June 21, 2018, Meetrix filed a First Amended Complaint (the "FAC"). *See* D.I. 18.

In the FAC, Meetrix alleges counts of "patent infringement" with respect to four patents that purportedly "disclose systems and methods of audio-video conferencing collaboration": U.S. Patent Nos. 9,253,332 ("'332 patent"), 9,094,525 ("'525 patent"), 8,339,997 ("'997 patent"), and 9,843,612 ("'612 Patent") (collectively, the "asserted patents" or "Patents-in-Suit"). *See* D.I. 18, ¶¶ 2-5, 13.

Meetrix alleges that "Cisco's WebEx Meeting" product infringes claim 1 of each patent. *See id*., ¶¶ 28, 33, 38, 43. For the '332, '525 and '997 patents, Meetrix provides a paragraph in which it parrots the elements of the respective claim 1, and asserts "[i]n this regard, WebEx Meeting infringes at least claim 1 of" that patent. *See* D.I. 18, ¶¶ 18, 19. As for the '612 patent, Meetrix does not recite or discuss the elements of any claim of that patent at all.

---

[1] The present motion suspends Cisco's obligation to respond to the entire complaint. *See Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1-2 (W.D. Tex. May 15, 2009).

Joint infringement allegations.  For each patent, in addition to boilerplate direct infringement allegations, Meetrix alleges that: "[u]pon information and belief, Defendant has jointly infringed the [asserted patent], including by controlling and/or directing others to perform one or more of the claimed method steps." *Id.*, ¶¶ 30, 35, 40, 45. Meetrix then repeats for each patent the identical allegation that: "all steps of the claimed method are performed and: (1) Cisco exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Cisco's conferences form a joint enterprise such that performance of every step is attributable to Cisco." *See id*. Meetrix does not allege any facts about the alleged direction/control or "joint enterprise," nor does it allege any facts about the "others" who perform claimed steps for any of the patents. Moreover, claim 1 of the '525 patent is not a method claim, and in fact the patent has no method claims (and therefore cannot be jointly infringed as a matter of law). *See* D.I. 1, Ex. B ("We claim: 1. A system for supporting a multi-participant conference call, comprising…").

Indirect infringement and pre-suit notice allegations.  For indirect infringement, Meetrix largely recites the statutory elements for induced and contributory infringement under 35 U.S.C. § 271(b) and (c).[2] *See* D.I. 18, ¶ 24 (referencing alleged instructions and asserting "[o]n information and belief, Defendant induces its customers to infringe and contributes to the infringement of its customers by instructing or specifying that its customers operate WebEx Meeting and other similar infringing products and services, in a manner as described above.");

---

[2] While Meetrix alleges contributory infringement generally in ¶ 25 of the FAC, Meetrix does not allege contributory infringement in any of the specific infringement "Counts" for each of the four asserted patents. Therefore, it is not clear from the FAC whether Meetrix actually intended to allege contributory infringement for any of the asserted patents, and if so, for which of the four asserted patents it is asserting such contributory infringement claims. Nevertheless, to the extent the Court finds that Meetrix did assert contributory infringement claims for some or all of the asserted patents, those claims should be dismissed for the reasons stated herein.

and ¶ 25 (alleging that Cisco "contributes" to infringement by its "direct and indirect customers" and that "[o]n information and belief, Defendant's accused devices are especially made or adapted for infringing the Patents-in-Suit, and have no substantially noninfringing uses.").

As to pre-suit notice of the Patents-in-Suit, Meetrix alleges, "on information and belief," that Cisco "received actual and/or constructive notice of the Patents-in-Suit in connection with its own prosecution activities before the United States Patent & Trademark Office, including in connection with the applications giving rise to Cisco's own U.S. Patent Nos. 8,037,303; 8,582,468; 8,667,095; 8,873,561; 8,953,486 and 9,357,164." D.I. 18, ¶ 21. Meetrix further alleges that Cisco has knowledge of the Patents-in-Suit from "at least as early as the service of the Original Complaint," but does not provide any further allegations that Cisco knew of these patents before this lawsuit was filed. *Id*.

Willful infringement allegations.  Meetrix's willful infringement allegations are limited to its assertions that "[o]n information and belief, Defendant has knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit. Upon information and belief, Defendant had actual notice of infringement of at least one or more of the Patents-in-Suit, and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights." D.I. 18, ¶¶ 47, 48.

## III.   ARGUMENT

### A.    Legal Standards

Plaintiffs are required under the Federal Rules to allege claims that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This obligation requires "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555. Pleadings that are "no more than

conclusions" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).

The plausibility requirement applies to Meetrix's claims for joint, indirect, and willful infringement. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("like claims of induced or contributory infringement, allegations of joint infringement require elements beyond those for the more typical act of direct infringement"); *Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1–14–CV–134–LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) ("'[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.'") (citation omitted); *Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171 RWS, 2016 WL 2902482, at *2 (E.D. Tex. Mar. 30, 2016) (dismissing willfulness claim for lacking a "plausible allegation of subjective knowledge").

Joint infringement.  Joint infringement is a form of direct patent infringement in which more than one actor performs steps of a claimed method, but all steps are attributed to a single actor. *See Lyda*, 838 F.3d at 1339. To state a claim for joint infringement, a plaintiff must allege "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id.* (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015)).

Indirect infringement.  Claims for induced and contributory infringement both "require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). As to inducement, "[t]o survive a motion to dismiss . . . Plaintiff's complaint must contain facts plausibly showing that the defendant specifically intended

its customers to infringe the patents-in-suit and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Further, "mere knowledge of acts alleged to constitute infringement is not sufficient; rather the plaintiff must show 'specific intent and action to induce infringement.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1368 (Fed. Cir. 2017) (citation omitted).

As to contributory infringement, this Court has stated that: "[a] complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is 'especially made or especially adapted for use in an infringement of such patent'; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent." *Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5 (citing *In re Bill of Lading,* 681 F.3d at 1337).

<u>Willfulness</u>.  The Federal Circuit has confirmed that, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). In order to recover enhanced damages for willful patent infringement, a plaintiff must satisfy the requirements of 35 U.S.C. § 284 as interpreted by the United States Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). In *Halo*, the Supreme Court held that the "sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. Thus, under *Halo*, while "courts should continue to take into account the particular circumstances of each case," enhanced damages are limited to "egregious cases of misconduct beyond typical infringement," such as those "typified by willful misconduct." *Id*. at 1933-35.

Courts have applied *Halo* in determining whether a willfulness claim is plausibly alleged and have dismissed those that do not show the requisite egregious conduct. *See, e.g., Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772, at *8 (D. Del. Jul. 12, 2016) (dismissing willfulness allegation for failing to state facts showing that the defendants' actions "actually amounted to an egregious case of infringement of the patent"); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) ("Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is 'egregious . . . beyond typical infringement.'") (quoting *Halo*, 136 S. Ct. at 1935 (alteration in original)); *Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. Jun. 7, 2017) ("[T]he Complaint] makes no specific factual allegations about Cisco's subjective intent, or any other aspects of Cisco's behavior that would suggest its behavior was 'egregious.'") (citations omitted).

As set forth below, Meetrix has not come close to satisfying the plausibility standard for its claims of joint, indirect, and willful infringement.

B.      **Meetrix Fails to State Claims for Joint Infringement**

Meetrix alleges joint infringement of each patent via alleged direction and control of "others" by Cisco, but Meetrix does so solely in conclusory terms. *See* D.I. 18, ¶¶ 30, 35, 40, 45 (Cisco has "jointly infringed the [asserted patent], including by controlling and/or directing others to perform one or more of the claimed method steps."). Meetrix does not include any factual allegations as to the most basic facts or details of Cisco's alleged direction and control, nor does Meetrix identify in any meaningful way which steps of the patent claims the "others" allegedly perform (as opposed to the steps that are allegedly performed by Cisco). Instead, Meetrix simply repeats in conclusory terms that "Cisco exercises the requisite direction or

control over its initiators' and participants' performance," but does not state any actual facts to render the allegations plausible. *See id.*, ¶¶ 30, 35, 40, 45. Meetrix also refers to "users" and "customers" but again does not allege facts showing how Cisco exercises the "requisite direction and control" beyond merely asserting it in conclusory fashion. *See id.*, ¶ 23.[3]

These sparse allegations do not supply any facts to plausibly show that Cisco directed and controlled another to perform steps of the claimed methods. Indeed, the Federal Circuit has identified three ways of establishing the requisite direction and control, none of which Meetrix has satisfied here. *See Akamai*, 797 F.3d at 1023. Meetrix has not pleaded any facts to show, under the *Akamai* analysis, that Cisco 1) "acts through an agent (applying traditional agency principles) or 2) contracts with another to perform one or more steps of a claimed method," or 3) "conditions participation in an activity on receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id.*

As the Federal Circuit has made clear, Meetrix's bald assertions of direction and control, without supporting facts, are insufficient to state claims for joint infringement. In *Lyda*, the Federal Circuit rejected the joint infringement claim as pled because the plaintiff did "not set

---

[3] As noted, Meetrix's joint infringement allegations are so generic and devoid of thought that it alleges that Cisco directs and controls an unidentified "other" to perform one or more steps of the "claimed method" of the '525 patent, **even though this patent has no method claims and therefore cannot be jointly infringed under the "direction and control" standard as a matter of law**. *See Lyda*, 838 F.3d at 1339 (noting that "[o]ur cases have applied joint infringement to method claims and not system claims" and that systems claims are analyzed under a "different framework" as discussed in *Centillion* case); *Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011) (holding that: "to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it"); *see* D.I. 1, Ex. B. For at least this reason, Meetrix's allegations of joint infringement of the '525 patent are inherently implausible and should be dismissed with prejudice.

forth any factual allegations in support of his assertion that CBS Interactive directed or controlled the independent contractors" and did not "contain factual allegations relating to how the independent contractors directed or controlled the unnamed third parties." *Lyda*, 838 F.3d at 1340. Further, "[m]ost importantly, the Amended Complaint does not allege any relationship between the Defendants and the unnamed third parties . . . in a way that the actions of these unnamed third parties should be attributed to Defendants." *Id*.

As in *Lyda*, Meetrix's boilerplate allegations are simply not enough to state a claim for joint infringement, and in fact amount to even less than the rejected joint infringement claim in that case. Meetrix does not provide any alleged facts about Cisco's alleged relationships with the generically identified "users," "initiators," and "participants" that could plausibly establish that Cisco directs or controls their actions in performing steps of the claimed methods. *See id.; see also Progme Corp. v. Comcast Cable Commun'cns LLC*, No. 17-1488, 2017 WL 5070723, at *10 (E.D. Pa. Nov. 3, 2017) (rejecting allegations of direction and control in which plaintiff identified the parties and steps, but did not plead facts showing that "conditions require Comcast to direct NBCU's encoding and transmission practices" as required for the claimed method). Nor does Meetrix specify which steps of the claimed methods the "users," "initiators," and "participants" allegedly perform and which steps are allegedly performed by Cisco.

Further, where the Federal Circuit has found sufficient pleading of direction and control in the joint infringement context, the plaintiff has pleaded much more about the alleged third parties performing the steps, the steps performed by the third parties, and the basis for attributing their actions to the defendant, than Meetrix has done here. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1353 (Fed. Cir. 2018) (holding that allegations of direction and control of a testing facility's activities were sufficient where plaintiff alleged facts showing that "the facility

conducting the test engages in a specified activity—performing each step of the methods claimed in the '692 patent as part of the testing" and that "this performance is conditioned on obtaining monetary benefits for performing the test requisitioned by Defendants").

Meetrix's conclusory allegations that Cisco formed a joint enterprise with WebEx "initiators and participants" are similarly devoid of any alleged facts and therefore insufficient. *See* D.I. 18, ¶¶ 30, 35, 40, 45. Meetrix provides no alleged facts to meet the requirements for establishing a joint enterprise between Cisco and anyone else to perform any steps of the claimed methods. *See Akamai*, 797 F.3d at 1023 (holding that a joint enterprise requires: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control").

Accordingly, the Court should dismiss Meetrix's boilerplate joint infringement claims. Cisco should not be forced to guess at the underlying factual allegations (if any) in order to fairly respond to such allegations.

### C.   Meetrix Fails to State Claims for Indirect Infringement

1.   *Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit*

Meetrix alleges that Cisco had pre-suit "actual or constructive knowledge" of the Patents-in-Suit based on the sole allegation that Cisco gained knowledge of the Patents-in-Suit "in connection with the applications giving rise to Cisco's own U.S. Patent Nos. 8,037,303; 8,582,468; 8,667,095; 8,873,561; 8,953,486 and 9,357,164." D.I. 18, ¶ 21. This allegation is both factually implausible and flawed as a matter of law. Consequently, Meetrix's claims for induced and contributory infringement cannot survive as currently pled.

First, for purposes of indirect infringement, actual knowledge—not constructive knowledge—is required to state plausible claims. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under the Supreme Court's decision in *Global–Tech,* unless the patentee is claiming willful blindness.") (citation omitted). Thus, Meetrix's conclusory assertions of "constructive knowledge," in addition to being unsupported, are insufficient to state a claim for indirect infringement.

Second, Meetrix's allegation of pre-suit actual knowledge based on Cisco's prosecution of its "own patents" is also implausible for several reasons. *See* D.I. 18, ¶ 21. To begin with, courts have held that "[a]t the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent." *Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS–CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (citations omitted). Thus, Meetrix's allegations, even if true, do not suffice to establish that Cisco knew of the asserted patents before this suit was filed.

In addition to being legally immaterial, Meetrix's allegations are factually implausible as well. None of the alleged Cisco patents **actually cite to any of the Patents-in-Suit**, and therefore none of the alleged Cisco patents evidences any pre-suit knowledge of the Patents-in-Suit by Cisco. *See* Cisco's Request for Judicial Notice ("RJN"), Exs. A-F. Five of the alleged Cisco patents (U.S. Pat. Nos. 8,037,303; 8,582,468; 8,667,095; 8,953,486; and 9,357,164) cite only to an earlier patent that is related by alleged priority date to the Patents-in-Suit (U.S. Pat. No. 7,664,056) or to that patent's earlier published application (2004/0223464), but none of those alleged Cisco patents actually cite to any of the Patents-in-Suit. *See* RJN, Exs. A, B, C, E,

F. The remaining alleged Cisco patent (U.S. Pat. No. 8,873,561), does not cite to **any** Meetrix patents or published applications, much less to any of the Patents-in-Suit. *See id.*, Ex. D. Thus, as a matter of law and fact, these patents do not provide a plausible basis for inferring that Cisco had actual knowledge of any of the Patents-in-Suit before Meetrix filed this lawsuit.[4]

In sum, there are no plausible allegations in the FAC that Cisco knew of any of the Patents-in-Suit before this action was filed. For at least this reason, Meetrix has failed to state a claim for indirect infringement of any of the Patents-in-Suit.

> 2. *Meetrix's induced and contributory infringement allegations are conclusory and insufficient to state plausible claims*

Aside from the knowledge issue discussed above, for inducement Meetrix has not alleged facts, as it must, to "plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constituted infringement." *Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5 (citation omitted). Instead, Meetrix recites the statutory requirements for inducement without supporting facts beyond a cursory reference to alleged instructions for "infringing products." *See* D.I. 18, ¶¶ 22, 24. As this Court has held, "reliance on conclusory statements that merely mirror the elements of the cause of action" is not enough to plead induced infringement. *See Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5 (dismissing conclusory inducement claims). This is especially true where, as here, there are several patents-in-suit and the inducement allegations are "exceedingly broad." *See id.* Thus, Meetrix's

---

[4] While the alleged Cisco patents list "Cisco Technology, Inc." as the assignee (*see* RJN, Exs. A-F), Meetrix has not alleged a factual basis for imputing that entity's alleged knowledge to the named defendant in this case, Cisco Systems, Inc. *See Varian Medical Sys., Inc.*, 2016 WL 3748772, at *5 ("Plaintiff needs to set out more than just the bare fact of the parent/subsidiary relationship in order to make out a plausible claim that" subsidiary's knowledge can be imputed to the parent.). In any event, there is no relevant knowledge to impute because none of the alleged Cisco patents cite to any of the asserted patents in this case, as discussed *supra*.

induced infringement claims are simply too generic to provide notice to Cisco of the contours of the claim, and must be dismissed. *See also Iron Oak Techs., LLC v. Acer America Corp. et. al.*, No. 6:17–cv–00143–RP–JCM, 2017 WL 9477677, at *5-6 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of inducement claim because the plaintiff did "not allege sufficient facts to support a plausible inference that Acer had the specific intent to induce its customers to infringe" and instead relied on "conclusory allegations, or legal conclusions masquerading as factual conclusions").

Meetrix's contributory infringement allegations are just as conclusory and devoid of alleged facts. *See* D.I. 18, ¶ 25. Meetrix alleges in generic terms that Cisco "contributes" to infringement by its "direct and indirect customers" and that "[o]n information and belief, Defendant's accused devices are especially made or adapted for infringing the Patents-in-Suit, and have no substantially noninfringing uses." *Id*. As in *Jao*, "the paragraphs containing [plaintiff's] pleading of contributory infringement are thin of fact and consist of conclusory allegations that merely recite the elements of contributory infringement." *Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5. Here as well, Meetrix supplies no facts to support these allegations nor a basis for identifying the alleged "components" or showing that they lack non-infringing uses. *See id*. Thus, the Court should dismiss Meetrix's deficient contributory infringement claims. *See also Iron Oak Techs.,* 2017 WL 9477677, at *7 (recommending dismissal of "threadbare" contributory infringement claims that failed to show "enough factual matter").

### D. Meetrix Fails to State a Claim for Willful Infringement

Meetrix's willful infringement allegations are bare conclusions using outdated legal standards that are inconsistent with current willful infringement jurisprudence. *See* D.I. 18, ¶¶ 47, 48 (alleging that Cisco has "knowingly or with reckless disregard willfully infringed . . .

despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid

patent rights"). Meetrix's boilerplate allegations do not plausibly show either the knowledge or

egregiousness required for willfulness under *Halo*.

        1.     *Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit and the Alleged Infringement*

As discussed above with regard to Meetrix's deficient indirect infringement claims,

Meetrix does not plead facts to plausibly show Cisco had pre-suit knowledge of the Patents-in-

Suit at any point prior to the filing of the Original Complaint. *See* § III(C)(1), *supra*. Meetrix

never alleges that it took steps to notify Cisco of these patents or that any of Cisco's products

infringed them. Absent knowledge of the patents and the alleged infringement, there can be no

willful infringement. *See WBIP, LLC*, 829 F.3d at 1341.

As explained above, none of the alleged Cisco patents actually cites to any of the

Patents-in-Suit, and therefore none of the alleged Cisco patents plausibly evidences pre-suit

knowledge of the Patents-in-Suit by Cisco. Further, Cisco cannot willfully infringe patents that

did not exist at the time of the alleged knowledge. *See State Indus., Inc. v. A.O. Smith Corp.*,

751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, a patent must exist and

one must have knowledge of it."); *Solannex, Inc. v. MiaSole*, No. C 11–00171 PSG, 2011 WL

4021558, at *3 (N.D. Cal. Sept. 9, 2011) (dismissing willful infringement claim in absence of

allegations showing knowledge of patents after issuance).

Each of the alleged Cisco patents identified by Meetrix as evidencing alleged pre-suit

knowledge of the Patents-in-Suit by Cisco (again, none of which actually cite to any of the

Patents-in-Suit) was fully prosecuted and issued **before** the issuance of some or all of the four

Patents-in-Suit. *See* D.I. 18, ¶¶ 2-5; RJN, Exs. A-F. In other words, as illuminated by **Table 1**

and **Figure 1** below, some or all of the Patents-in-Suit **did not exist** during the period in which

the alleged Cisco patents were being prosecuted, and therefore it would have been factually

impossible for Cisco to have obtained knowledge of those Meetrix patents through the

prosecution of the alleged Cisco patents. *See id.*

**TABLE 1.**
**Prosecution Dates of Cisco Patents vs. Issue Dates of Meetrix Asserted Patents**

| Cisco Patent[5] | Filing Date / Issue Date | Issue Date of Meetrix '997 Patent | Issue Date of Meetrix '525 Patent | Issue Date of Meetrix '332 Patent | Issue Date of Meetrix '612 Patent |
|---|---|---|---|---|---|
| 8,037,303 | 3/13/2006 / 10/11/2011 | 12/25/2012 | 7/28/2015 | 2/2/2016 | 12/12/2017 |
| 8,582,468 | 3/13/2006 / 11/12/2013 | | | | |
| 8,667,095 | 11/9/2007 / 3/4/2014 | | | | |
| 8,873,561 | 3/26/2004 / 10/28/2014 / | | | | |
| 8,953,486 | 11/9/2007 / 2/10/2015 | | | | |
| 9,357,164 | 3/18/2008 / 5/31/2016 | | | | |

**FIGURE 1.**
**Timeline of Dates Listed in Table 1**



---

[5] *See* RJN, Exs. A-F.

Accordingly, Meetrix's allegations of willful infringement fail at least because it has not alleged facts showing that Cisco had knowledge of the Patents-in-Suit and the alleged infringement before this suit was filed.

        2.    *Meetrix fails to allege facts to plausibly show that Cisco engaged in egregious, piratical conduct*

In addition to its failure to establish the required knowledge, Meetrix also does not allege facts to plausibly show that Cisco engaged in the type of "egregious" conduct required for willful infringement. *See Halo*, 136 S. Ct. at 1935. The following paragraphs from the FAC are the entirety of Meetrix's willful infringement allegations:

### VI.    WILLFUL INFRINGEMENT

47.    On information and belief, Defendant has knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit.  Upon information and belief, Defendant had actual and constructive notice of infringement of at least one or more of the Patents-in-Suit, and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights.

48.    This objectively-defined risk was either known or so obvious that it should have

FIRST AMENDED COMPLAINT

been known to Defendant.  Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284.

D.I. 18, ¶¶ 47-48. As these threadbare allegations show, Meetrix does not allege any specific facts about Cisco's behavior that give rise to a plausible inference that Cisco has engaged in egregious conduct of any kind. Indeed, Meetrix alleges that Cisco has acted "recklessly," but does not allege facts to show the alleged recklessness or the subjective intent and misconduct required under *Halo*. *See, e.g., Finjan, Inc. v. Juniper Networks, Inc.,* No. C 17-05659 WHA, 2018 WL

905909, at *4 (N.D. Cal. Feb. 14, 2018) (dismissing willfulness claim because the plaintiff "fails to identify any factual allegation that Juniper exhibited egregious behavior on par with that described in *Halo*"); *Princeton Digital Image Corp.*, 2016 WL 6594076, at *11 ("[The Complaint] does not sufficiently articulate how Ubisoft SA's actions during a short, three-month period of time amount to an 'egregious' case of infringement of the patent."); *Cisco Sys., Inc.*, 2017 WL 2462423, at *5 ("Finjan has simply made conclusory allegations of knowledge and infringement, which, considered in the totality of circumstances here, is not enough to plausibly allege 'egregious[ness].'") (citations omitted). Accordingly, Meetrix's willful infringement claims should be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court grant this motion and dismiss Meetrix's claims for joint, indirect, and willful infringement.

Dated: July 5, 2018                          Respectfully submitted,

By: */s/ Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
Pierre J. Hubert
State Bar No. 24002317
DUANE MORRIS LLP
7500 Rialto Boulevard
Building 1, Suite 230
Austin, TX 78735-8560
Tel: (512) 277-2300
Fax: (512) 277-2301
BGreene@duanemorris.com
PJHubert@duanemorris.com

Louis N. Jameson (admitted *pro hac vice*)
Matt Yungwirth (admitted *pro hac vice*)
DUANE MORRIS LLP
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Tel: (404) 253-6900
Fax: (404) 253-6901
WJameson@duanemorris.com
MSYungwirth@duanemorris.com

Daniel T. McCloskey (admitted *pro hac vice*)
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
Tel: (650) 847-4150
Fax: (650) 847-4151
DTMccloskey@duanemorris.com

**COUNSEL FOR DEFENDANT
CISCO SYSTEMS, INC.**

**CERTIFICATE OF SERVICE**

I certify that on July 5, 2018, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ Gilbert A. Greene
Gilbert A. Greene