**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § § § | |
| Plaintiff, | § § | **Civil No. 1:18-cv-00309-LY** |
| v. | § § § | **JURY TRIAL DEMANDED** |
| **CISCO SYSTEMS, INC.,** | § § | |
| Defendant. | § § | |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO DISMISS INDIRECT AND
WILLFUL INFRINGEMENT CLAIMS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY ..............................2

III. ARGUMENT .......................................................................................................................5

    A. Legal Standards Governing this Motion to Dismiss ............................... 5

    B. Meetrix Fails to State Claims for Indirect Infringement......................... 7

    C. Meetrix Fails to State a Claim for Willful Infringement ..................... 11

        1. Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit and the Alleged Infringement.............. 12

        2. Meetrix fails to allege facts to plausibly show that Cisco engaged in egregious, piratical conduct ....................................................................... 13

IV. CONCLUSION..................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**             **Page(s)**

*Affinity Labs of Tex., LLC v. Blackberry Ltd.*, Case No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) .................................................................................11

*Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ..........................................................................................7

*Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817 (D. Del. 2011) ................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................5

*CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489 (D. Nev. Feb. 17, 2017) ................................................................................7

*Commil USA v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015) ..........................................5

*Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171 RWS, 2016 WL 2902482 (E.D. Tex. Mar. 30, 2016) .............................................5

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357 (Fed. Cir. 2017) ........ 5-6

*Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017) ..............................................................................7, 13

*Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ...........................................................................13

*Global-Tech Appliances, Inc., v. SEB S.A.*, 563 U.S. 754 (2011) ..........................8, 11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) ........................ 6-7, 11, 13

*Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1–14–CV– 134–LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ....................................... 5-6

*Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D. Tex. May 15, 2009) ...........................................................................1

*MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225 (D. Del. 2012) ........................................................................................7

*Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS–
  CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ............................................................. 8, 13

*Solannex, Inc. v. MiaSole*, No. C 11–00171 PSG, 2011 WL 4021558
  (N.D. Cal. Sept. 9, 2011) ....................................................................................................... 12

*State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226 (Fed. Cir. 1985) ....................................... 12

*Varela v. Gonzales*, 773 F.3d 704 (5th Cir. 2014) ........................................................................ 2

*Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772
  (D. Del. Jul. 12, 2016) ......................................................................................................... 6, 9

*Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11–06638 RS, 2012 WL
  1831543 (N.D. Cal. 2012) ........................................................................................................ 8

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) ...................................................... 6, 12

**Statutes**

35 U.S.C. § 284 ............................................................................................................................ 6, 13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................... 1

Fed. R. Civ. P. 15(a) ......................................................................................................................... 2

I.      **INTRODUCTION**

Meetrix IP, LLC has improperly amended its pleading for a second time, but still fails to allege plausible claims of indirect and willful patent infringement. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), these claims should be dismissed.[1]

First, Meetrix alleges "actual or constructive knowledge" of the Patents-in-Suit by Cisco to support its indirect infringement claims. However, its claims are legally and factually implausible because (i) "constructive knowledge" is legally insufficient for indirect infringement (and Meetrix supplies no facts to establish such knowledge in any case); and (ii) courts have rejected the premise that "actual knowledge" can be shown through the sole theory of actual knowledge alleged here, i.e., that Cisco allegedly knew about the asserted patents from prosecuting its own patents. The deficiency in Meetrix's actual knowledge allegations is further confirmed by its concession that the alleged Cisco-owned patents do not actually cite any of the Patents-in-Suit, and thus cannot possibly establish that Cisco knew of them before this suit was filed. Meetrix's only other allegation of notice is a throw-away reference to willful blindness, which is unsupported by any facts at all, let alone facts that could meet the required showing.

Second, in addition to lacking plausible pre-suit notice allegations, Meetrix's boilerplate willful infringement allegations lack any factual basis on which to presume that Cisco acted with the kind of "egregious," "piratical" conduct that is required to state a willfulness claim. Indeed, Meetrix alleges no facts about Cisco's conduct or intent that could give rise to a plausible inference that it has willfully infringed.

Accordingly, the Court should grant Cisco's motion and dismiss Meetrix's indirect and

---

[1] This motion suspends Cisco's obligation to respond to the entire complaint. *See Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, *1-2 (W.D. Tex. May 15, 2009).

willful infringement claims.[2]

## II. SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

On April 20, 2018, Meetrix commenced this action by filing a Complaint for Patent Infringement in this Court, against Cisco (the "Original Complaint"). *See* D.I. 1.

On June 21, 2018, Meetrix filed a First Amended Complaint ("FAC") without leave of Court. *See* D.I. 18. In the FAC, Meetrix alleged counts of "patent infringement" with respect to four patents that purportedly "disclose systems and methods of audio-video conferencing collaboration": U.S. Patent Nos. 9,253,332 ("'332 patent"), 9,094,525 ("'525 patent"), 8,339,997 ("'997 patent"), and 9,843,612 ("'612 Patent") (collectively, the "asserted patents" or "Patents-in-Suit"). *See* D.I. 18, ¶¶ 2-5, 13. Meetrix alleged that "Cisco's WebEx Meeting" product infringes claim 1 of each patent and that: "[u]pon information and belief, Defendant has jointly infringed [each of] the [asserted patents], including by controlling and/or directing others to perform one or more of the claimed method steps." *Id.*, ¶¶ 30, 35, 40, 45.

In the FAC, Meetrix also alleged, in largely boilerplate terms, that Cisco indirectly

---

[2] Under Fed. R. Civ. P. 15(a), Meetrix was required to seek leave of Court before filing its Second Amended Complaint (D.I. 22) because Meetrix already had used its one opportunity to amend without leave when it filed its First Amended Complaint (D.I. 18).

Rule 15 provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*., (a)(2).

By failing to seek leave, Meetrix prevented Cisco from challenging leave on the grounds that the amendments are futile and subject the pleading to being stricken. *See Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal.") (citations omitted). Nevertheless, Cisco addresses the pleading deficiencies of the Second Amended Complaint in the context of this Motion to Dismiss, rather than a separate motion to strike, to minimize the burden on the Court associated with this issue.

infringed. As to pre-suit notice, Meetrix alleged, "on information and belief," that Cisco "received actual and/or constructive notice of the Patents-in-Suit in connection with its own prosecution activities before the United States Patent & Trademark Office, including in connection with the applications giving rise to Cisco's own U.S. Patent Nos. 8,037,303; 8,582,468; 8,667,095; 8,873,561; 8,953,486 and 9,357,164." D.I. 18, ¶ 21. Meetrix did not provide any other allegations that Cisco knew of the asserted patents before this suit was filed.

Meetrix likewise alleged willful infringement in the FAC based on limited allegations that "[o]n information and belief, Defendant has knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit. Upon information and belief, Defendant had actual notice of infringement of at least one or more of the Patents-in-Suit, and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights." D.I. 18, ¶¶ 47, 48.

On July 5, 2018, Cisco filed a Motion to Dismiss for Failure to State a Claim with regard to Meetrix's claims for joint, indirect and willful infringement ("Motion"). *See* D.I. 19. In the Motion, Cisco argued, among other things, that Meetrix's allegations as to Cisco's pre-suit knowledge of the asserted patents (as required for indirect and willful infringement) were implausible because (a) constructive notice is insufficient as a matter of law for this purpose, and (b) none of the asserted patents were cited in connection with Cisco's alleged "own prosecution activities," and thus there were no facts to show Cisco knew of them before Meetrix filed this suit. *See id.*, at 10-12. Cisco also asserted that Meetrix had failed to plead facts to show that Cisco engaged in any "egregious" conduct as required for willful infringement. *See id.*, at 12.

On July 19, 2018, the date on which its opposition to the Motion was due, Meetrix filed (without leave of the Court) its Second Amended Complaint ("SAC"). *See* D.I. 22. The SAC

alleges the same patents and claims against Cisco as before, but tries to bolster Meetrix's indirect infringement claims, among other amendments. In the SAC, Meetrix adds a section entitled "Defendant's Knowledge of the Patents-in-Suit" that alleges substantially what was previously alleged in the FAC. *See id*., ¶¶ 28-30. Meetrix again alleges that Cisco "gained actual or constructive knowledge" of the asserted patents because five patents assigned to Cisco Technology, Inc. cite to the parent application of the asserted patents or its resulting patent. *See id*.[3] Meetrix still does not and cannot allege that any of the patents asserted in this case were cited during the prosecution of the Cisco Technology, Inc. patents. Meetrix adds allegations about the alleged relationship between Cisco Technology, Inc. and Cisco. *See id*., ¶ 28.

Although Meetrix did not make the allegation in either its Original Complaint or the FAC, the SAC alleges, "on information and belief," that Cisco was "willfully blind" to the Patents-in-Suit as of their date of issuance. *See id*., ¶ 34. Meetrix does not plead any facts to substantiate this allegation.

The SAC's willful infringement allegations remain conclusory, with limited updates to omit Meetrix's prior reference to "constructive notice" and to allege that Cisco has engaged in a "deliberate act of bad faith." *See id*., ¶¶ 63-65. For pre-suit notice, Meetrix relies on the same allegations regarding Cisco Technology, Inc.'s alleged patent prosecution activity that are referenced earlier in the SAC (and that were also present in the FAC). *See id*. Meetrix does not add any new factual allegations about Cisco's alleged conduct to support its willfulness claim.

---

[3]In the SAC, Meetrix omits reference to a sixth patent it had cited in the FAC (U.S. Pat. No. 8,873,561) that did not cite to any Meetrix patent application or patent. *See* D.I. 19, at 11-12.

### III. ARGUMENT

#### A. Legal Standards Governing this Motion to Dismiss

Plaintiffs are required under the Federal Rules to allege claims that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This obligation requires "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555. Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).

The plausibility requirement applies to Meetrix's claims for indirect and willful infringement. *See Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1–14–CV–134–LY, 2015 WL 3513151, *3 (W.D. Tex. Mar. 24, 2015) ("'[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.'") (citation omitted); *Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171 RWS, 2016 WL 2902482, *2 (E.D. Tex. Mar. 30, 2016) (dismissing willfulness claim for lacking a "plausible allegation of subjective knowledge").

<u>Indirect infringement</u>. Claims for induced and contributory infringement both "require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). As to inducement, "[t]o survive a motion to dismiss . . . Plaintiff's complaint must contain facts plausibly showing that the defendant specifically intended its customers to infringe the patents-in-suit and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Further, "mere knowledge of acts alleged to constitute infringement is not sufficient; rather the plaintiff must show 'specific intent and action to induce infringement.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1368 (Fed. Cir. 2017) (citation omitted).

As to contributory infringement, this Court has stated that: "[a] complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is 'especially made or especially adapted for use in an infringement of such patent'; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent." *Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5 (citing *In re Bill of Lading,* 681 F.3d at 1337).

<u>Willfulness</u>.  The Federal Circuit has confirmed that, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). In order to recover enhanced damages for willful patent infringement, a plaintiff must satisfy the requirements of 35 U.S.C. § 284 as interpreted by the United States Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1935 (2016). In *Halo*, the Supreme Court held that the "sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. Thus, under *Halo*, while "courts should continue to take into account the particular circumstances of each case," enhanced damages are limited to "egregious cases of misconduct beyond typical infringement," such as those "typified by willful misconduct." *Id*. at 1933-35.

Courts have applied *Halo* in determining whether a willfulness claim is plausibly alleged and have dismissed those that do not show the requisite egregious conduct. *See, e.g., Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772, *8 (D. Del. Jul. 12, 2016) (dismissing willfulness allegation for failing to state facts showing that the defendants' actions "actually amounted to an egregious case of infringement of the patent"); *CG Tech. Dev., LLC v. Zynga, Inc.*,

No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489, *4 (D. Nev. Feb. 17, 2017) ("Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is 'egregious . . . beyond typical infringement.'") (quoting *Halo*, 136 S. Ct. at 1935 (alteration in original)); *Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-00072-BLF, 2017 WL 2462423, *5 (N.D. Cal. Jun. 7, 2017) ("[T]he Complaint] makes no specific factual allegations about Cisco's subjective intent, or any other aspects of Cisco's behavior that would suggest its behavior was 'egregious.'") (citation omitted).

As set forth below, despite twice amending its pleadings, Meetrix has still not come close to satisfying the plausibility standard for its claims of indirect and willful infringement.

### B. Meetrix Fails to State Claims for Indirect Infringement

Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit, as required for its induced and contributory infringement claims. *See Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554, *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement."). To try to meet the requirement, Meetrix alleges that Cisco had pre-suit "actual or constructive knowledge" of the Patents-in-Suit based on "Cisco Technology, Inc.'s" "prosecution activities" "in connection with the applications giving rise to Cisco's own U.S. Patent Nos. 8,037,303; 8,582,468; 8,667,095; 8,953,486 and 9,357,164." D.I. 22, ¶¶ 28-29. This allegation is both factually implausible and flawed as a matter of law. Consequently, Meetrix's claims for induced and contributory infringement cannot survive as currently pled.

First, for purposes of indirect infringement, actual knowledge—not constructive knowledge—is required to state plausible claims. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under the Supreme Court's

decision in *Global–Tech,* unless the patentee is claiming willful blindness.") (citation omitted). Thus, Meetrix's conclusory assertions of "constructive knowledge," in addition to being unsupported, are insufficient to state a claim for indirect infringement as a matter of law.

Second, Meetrix's allegation of pre-suit actual knowledge based on prosecution of Cisco's "own patents" is also implausible for several reasons. *See* D.I. 22, ¶ 29. To begin with, courts have held that "[a]t the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent." *Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS–CJB, 2017 WL 6337188, *1 (D. Del. Dec. 12, 2017) (citations omitted); *see also Vasudevan Software, Inc. v. TIBCO Software Inc.,* No. C 11–06638 RS, 2012 WL 1831543, *5-*7 (N.D. Cal. 2012) (holding that defendant's alleged knowledge of the pending patent application that led to the asserted patent and knowledge of other family related patents were insufficient to show actual knowledge of the asserted patent); *Apeldyn Corp. v. AU Optronics Corp.,* 831 F. Supp. 2d 817, 831 (D. Del. 2011) *aff'd*, 522 Fed.Appx. 912 (Fed. Cir. 2013) (rejecting constructive notice theory and holding "[t]here is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases" "based on the listing of a patent on the face of another patent."). Thus, Meetrix's allegations, even if true, do not suffice to show that Cisco knew of the asserted patents before this suit was filed.

In addition to being legally immaterial, Meetrix's allegations are factually implausible as well. None of the alleged Cisco patents **actually cite to any of the Patents-in-Suit**, and therefore none of them evidences any pre-suit knowledge of the Patents-in-Suit by Cisco. *See* D.I. 20, Exs.

A, B, C, E, F.[4] As Meetrix admits, these alleged Cisco patents (U.S. Pat. Nos. 8,037,303; 8,582,468; 8,667,095; 8,953,486; and 9,357,164) cite only to an earlier patent that is related by alleged priority date to the Patents-in-Suit (U.S. Pat. No. 7,664,056) or to that patent's earlier published application (2004/0223464), but none of those alleged Cisco patents actually cite to any of the Patents-in-Suit. *See* D.I. 20, Exs. A, B, C, E, F; D.I. 22, ¶ 29.

Further, each of the alleged Cisco patents identified by Meetrix as evidencing alleged pre-suit knowledge of the Patents-in-Suit by Cisco (again, none of which actually cite to any of the Patents-in-Suit) was fully prosecuted and issued **before** the issuance of some or all of the four Patents-in-Suit. *See* D.I. 22, ¶¶ 2-5; D.I. 20, Exs. A, B, C, E, F. In other words, as shown by **Table 1** and **Figure 1** below, some or all of the Patents-in-Suit **did not exist** during the period in which the alleged Cisco patents were being prosecuted, and therefore it would have been factually impossible for Cisco to have obtained knowledge of those Meetrix patents through the prosecution of the alleged Cisco patents. *See id*. Thus, as a matter of law and fact, these patents do not provide a plausible basis for inferring that Cisco had actual knowledge of any of the Patents-in-Suit before Meetrix filed this lawsuit.[5]

---

[4] Cisco renews its request for judicial notice as set forth in the previously filed Request and associated exhibits, set forth in the Court's docket at D.I. 20.

[5] As Meetrix now acknowledges, the alleged Cisco patents list "Cisco Technology, Inc." as the assignee (*see* D.I. 20, Exs. A, B, C, E, F), and not Cisco Systems, Inc., the named defendant in this case. *See* D.I. 22, ¶ 29. Even if Meetrix had alleged a sufficient factual basis for imputing Cisco Technology, Inc.'s alleged knowledge to Cisco Systems, Inc., it would not matter here. *See Varian Medical Sys., Inc.*, 2016 WL 3748772, at *5 ("Plaintiff needs to set out more than just the bare fact of the parent/subsidiary relationship in order to make out a plausible claim that" subsidiary's knowledge can be imputed to the parent.). There is no relevant knowledge to impute because none of the alleged Cisco patents cite to any of the asserted patents, as discussed *supra*.

**TABLE 1.**
**Prosecution Dates of Cisco Patents vs. Issue Dates of Meetrix Asserted Patents**

| Cisco Patent[6] | Filing Date / Issue Date | Issue Date of Meetrix '997 Patent | Issue Date of Meetrix '525 Patent | Issue Date of Meetrix '332 Patent | Issue Date of Meetrix '612 Patent |
|---|---|---|---|---|---|
| 8,037,303 | 3/13/2006 / 10/11/2011 | 12/25/2012 | 7/28/2015 | 2/2/2016 | 12/12/2017 |
| 8,582,468 | 3/13/2006 / 11/12/2013 | | | | |
| 8,667,095 | 11/9/2007 / 3/4/2014 | | | | |
| 8,953,486 | 11/9/2007 / 2/10/2015 | | | | |
| 9,357,164 | 3/18/2008 / 5/31/2016 | | | | |

**FIGURE 1.**
**Timeline of Dates Listed in Table 1**



Third, Meetrix's bare allegation, "on information and belief," that Cisco "was willfully blind to the Patents-in-Suit starting as early as the issue date of each of the Patents-in-Suit" is baseless. *See* D.I. 22, ¶ 34. The Supreme Court has stated that a person who is willfully blind is "one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who

---

[6] *See* D.I. 20, Exs. A, B, C, E, F.

can almost be said to have actually known the critical facts." *Global-Tech Appliances, Inc., v. SEB S.A.*, 563 U.S. 754, 769-70 (2011). As courts in this District have confirmed, willful blindness in this context requires that the plaintiff show that "'(1) the defendant subjectively believed that there was a high probability that the infringing technology was patented and (2) the defendant acted deliberately to avoid learning of that fact.'" *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, Case No. W:13-CV-362, 2014 WL 12551207, *3 (W.D. Tex. Apr. 30, 2014) (citations omitted) (holding that "the defendant's awareness of a plaintiff's patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss"). Despite these requirements, Meetrix supplies no facts to sufficiently allege Cisco's subjective beliefs or that it took steps to deliberately avoid learning about the Patents-in-Suit or alleged infringement.

In sum, there are no plausible allegations in the SAC that Cisco knew of any of the Patents-in-Suit before this action was filed. Nor are there any allegations to establish that Cisco was willfully blind to them. Accordingly, Meetrix has failed to state a claim for indirect infringement of any of the Patents-in-Suit.

### C.  Meetrix Fails to State a Claim for Willful Infringement

Meetrix's willful infringement allegations are bare conclusions using outdated legal standards that are inconsistent with current willful infringement jurisprudence. *See* D.I. 22, ¶¶ 63-65 (alleging that Cisco has "knowingly or with reckless disregard willfully infringed . . . despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights"). Meetrix's boilerplate allegations do not plausibly show either the knowledge or egregiousness required for willfulness under *Halo*.

              1.     *Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit and the Alleged Infringement*

As discussed above with regard to Meetrix's deficient indirect infringement claims, Meetrix does not plead facts to plausibly show Cisco had pre-suit knowledge of the Patents-in-Suit at any point prior to the filing of the Original Complaint. *See* § III(B), *supra*. Meetrix merely relies on its failed allegations that Cisco "and/or its close affiliates" was "made aware" of the Patents-in-Suit in connection with Cisco Technology, Inc.'s prosecution activities. *See* D.I. 22, ¶ 63. Meetrix never alleges that it took steps to notify Cisco of these patents or that any of Cisco's products infringed them. Absent knowledge of the patents and the alleged infringement, there can be no willful infringement. *See WBIP, LLC*, 829 F.3d at 1341.

As explained above, none of the alleged Cisco patents actually cites to any of the Patents-in-Suit, and therefore none of the alleged Cisco patents plausibly evidences pre-suit knowledge of the Patents-in-Suit by Cisco. Indeed, Cisco could not have obtained knowledge of the Patents-in-Suit through the prosecution of the alleged Cisco patents because many of the Patents-in-Suit did not exist at the time. *See supra* Table 1, Fig. 1; D.I. 22, ¶¶ 2-5; D.I. 20, Exs. A, B, C, E, F. Cisco cannot willfully infringe patents that did not exist at the time of the alleged knowledge. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, a patent must exist and one must have knowledge of it."); *Solannex, Inc. v. MiaSole*, No. C 11–00171 PSG, 2011 WL 4021558, *3 (N.D. Cal. Sept. 9, 2011) (dismissing willful infringement claim in absence of allegations showing knowledge of patents after issuance). Accordingly, Meetrix's allegations of willful infringement fail at least because it has not alleged facts showing that Cisco had knowledge of the Patents-in-Suit and the alleged infringement before this suit was filed.

> 2. *Meetrix fails to allege facts to plausibly show that Cisco engaged in egregious, piratical conduct*

In addition to its failure to establish the required knowledge, Meetrix still does not allege facts to plausibly show that Cisco engaged in the type of "egregious" conduct required for willful infringement. *See Halo*, 136 S. Ct. at 1935. Beyond its repeat of inadequate pre-suit notice allegations, Meetrix pleads only conclusions regarding willfulness:

> 64. Notwithstanding this knowledge, Cisco has knowingly or with reckless disregard willfully infringed o6e [sic] or more of the Patents-in-Suit in a deliberate act of bad-faith. Cisco has thus had actual notice of infringement of one or more of the Patents-in-Suit and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights.
>
> 65. This objective risk was either known or so obvious that it should have been known to Defendant Cisco. Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284.

D.I. 22, ¶¶ 64-65.

As these threadbare allegations show, Meetrix does not allege any specific facts about Cisco's behavior that could give rise to a plausible inference that Cisco has engaged in egregious conduct of any kind. Indeed, Meetrix alleges that Cisco has acted "recklessly," but does not allege facts to show the alleged recklessness or the subjective intent and misconduct required under *Halo*. *See, e.g., Finjan, Inc. v. Juniper Networks, Inc.,* No. C 17-05659 WHA, 2018 WL 905909, *4 (N.D. Cal. Feb. 14, 2018) (dismissing willfulness claim because the plaintiff "fails to identify any factual allegation that Juniper exhibited egregious behavior on par with that described in *Halo*"); *Princeton Digital Image Corp.*, 2016 WL 6594076, at *11 ("[The Complaint] does not sufficiently articulate how Ubisoft SA's actions during a short, three-month period of time amount to an 'egregious' case of infringement of the patent."); *Cisco Sys., Inc.*, 2017 WL 2462423, at *5 ("Finjan has simply made conclusory allegations of knowledge and infringement, which, considered in the totality of circumstances here, is not enough to plausibly allege

'egregious[ness].'") (citations omitted). Accordingly, Meetrix's willful infringement claims should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court grant this motion to dismiss Meetrix's claims for indirect and willful infringement.

Dated: August 2, 2018

Respectfully submitted,

By: */s/ Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
Pierre J. Hubert
State Bar No. 24002317
DUANE MORRIS LLP
7500 Rialto Boulevard
Building 1, Suite 230
Austin, TX 78735-8560
Tel: (512) 277-2300
Fax: (512) 277-2301
BGreene@duanemorris.com
PJHubert@duanemorris.com

Louis N. Jameson (admitted *pro hac vice*)
Matt Yungwirth (admitted *pro hac vice*)
DUANE MORRIS LLP
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Tel: (404) 253-6900
Fax: (404) 253-6901
WJameson@duanemorris.com
MSYungwirth@duanemorris.com

Daniel T. McCloskey (admitted *pro hac vice*)
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
Tel: (650) 847-4150
Fax: (650) 847-4151
DTMccloskey@duanemorris.com

**COUNSEL FOR DEFENDANT
CISCO SYSTEMS, INC.**

**CERTIFICATE OF SERVICE**

    I certify that on August 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                             */s/ Gilbert A. Greene*
                                             Gilbert A. Greene