**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No. 1:18-cv-00309-LY** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     SUMMARY OF LAWSUIT ............................................................................... 2

III.    APPLICABLE LEGAL STANDARDS .............................................................. 4

IV.     ARGUMENT ....................................................................................................... 5

        A.   Plaintiff has Properly Pleaded Indirect Infringement ............................... 5

        B.   Plaintiff has Properly Alleged Willful Infringement ................................. 8

V.      CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................. 4, 5

*Belanger v. Geico Gen. Ins. Co.*,
   623 Fed. Appx. 684 (5th Cir. 2015)................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................... 4

*Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*,
   2:15-CV-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016), *report and*
   *recommendation adopted*, 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13,
   2016) ................................................................................................................................ 6

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)...................................................................................... 8

*Eli Lilly and Co. v. Teva Parenteral Medicines*,
   845 F.3d 1357 (Fed. Cir. 2017)...................................................................................... 5

*Glob. Sessions, LP v. JPMorgan Chase & Co.*,
   A-13-CA-688-SS, 2013 WL 12086369 (W.D. Tex. Nov. 18, 2013)................................ 5, 6, 7

*Global–Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011).................................................................................................... 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016)............................................................................................ 8, 9, 10

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
   2:16-CV-00052-JRG-RSP, 2017 WL 1129951 (E.D. Tex. Feb. 21, 2017)..................... 2, 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)...................................................................................... 7

*InMotion Imagery Techs. v. Brain Damage Films*,
   C.A. No. 2:11-cv-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012).................... 8

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..................... 7

*Johnson v. City of Shelby*,
   135 S.Ct. 346 (2014)....................................................................................................... 4

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
   No. CV-17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018)....................................... 2, 8, 9, 10

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)...................................................................................... 5

*McZeal v. Spring Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007)...................................................................................... 4

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012).......................................................................... 8, 9

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
   6:11-CV-229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) .......................................... 7

*Personal Audio, LLC v. Google, Inc.*,
   1:15-CV-350, 2017 WL 4837853 (E.D. Tex. May, 15, 2017) ......................................... 8

*Tierra Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc.*,
   C.A. No. 2:13-cv-44-JRG, 2014 WL 1233040 (E.D. Tex. March 24, 2014) ............................ 8

*Uniloc USA, Inc. v. Motorola Mobility LLC*,
   2:16-CV-989-JRG, 2017 WL 3721064 (E.D. Tex. May 15, 2017) ...................................... 1, 8

*United States Gypsum Co. v. New NGC, Inc.*,
   No. CV 17-130-VAC-MPT, 2017 WL 2538569 (D. Del. June 12, 2017), aff'd, No.
   1:17CV130, 2017 WL 5187845 (D. Del. Aug. 18, 2017) ........................................................ 5

*Walker v. Webco Indus., Inc.*,
   562 Fed. Appx. 215 (5th Cir. 2014) .......................................................................................... 4

Plaintiff Meetrix IP, LLC ("Plaintiff" or "Meetrix") files this response to Defendant Cisco Systems, Inc.'s ("Defendant" or "Cisco") Motion to Dismiss Indirect and Willful Infringement Claims for Failure to State a Claim (Dkt. No. 24) (the "Motion"), and in support thereof would show as follows:

## I.     INTRODUCTION

Cisco's Motion to Dismiss misapplies the liberal standard by which pleadings are evaluated at this early stage in the case.  Meetrix's allegations are plausible and should be taken as true. Additionally, Cisco applies overly narrow interpretations of governing case law to argue that Meetrix's indirect and willful infringement allegations should be dismissed.

First, with regard to indirect claims of patent infringement, Cisco asserts that "Meetrix fails to allege facts to plausibly show that Cisco had *pre-suit* knowledge…as required for its induced and contributory infringement claims."  Motion at 7 (emphasis added).  Plaintiff disagrees and has alleged how Defendant obtained pre-suit knowledge of the Patents-in-Suit by the numerous references within Cisco's own patents.  Moreover, regardless of whether Meetrix's allegations are sufficiently pleaded as to pre-suit knowledge, Cisco's argument fails because Defendant does not and cannot attack the sufficiency of Meetrix's *post-suit* knowledge allegations, which carry the indirect claim.  "[F]ailing to allege pre-suit knowledge of the patent is not an adequate basis upon which to dismiss indirect infringement claims."  *Uniloc USA, Inc. v. Motorola Mobility LLC*, 2:16-CV-989-JRG, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017) (citations omitted).   Assuming that the host of citations to Meetrix's patent family in Defendant's own issued patents is insufficient to establish Defendant's pre-suit knowledge, Defendant's irrefutable post-suit knowledge (which is not addressed by Cisco) sufficiently meets the pleading standards.

Second, with regard to Meetrix's willfulness allegations, Defendant asserts that "in addition to lacking plausible pre-suit notice allegations, Meetrix's boilerplate willful infringement allegations lack any factual basis on which to presume that Cisco acted with the kind of 'egregious,' 'piratical' conduct that is required to state a willfulness claim."  Motion at 1.  But again, Defendant applies an incorrect legal standard.  While Cisco may argue about the sufficiency of pre-suit notice when Meetrix's patents were cited against its own applications time and time again, pre-suit knowledge is not a requirement of willfulness as long as post-suit knowledge is adequate.  *See Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, 2:16-CV-00052-JRG-RSP, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017), *report and recommendation adopted*, 2:16-CV-52-JRG-RSP, 2017 WL 1109875 (E.D. Tex. Mar. 24, 2017).  Moreover, "broader allegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss." *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. CV-17-313, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018).

## II.      SUMMARY OF LAWSUIT

Meetrix filed its Original Complaint (Doc. No. 1) against Defendant Cisco on April 20, 2018, alleging that a number of Cisco's products infringed four of Meetrix's patents—United States Patent Nos. 8,339,997 (the "'997 Patent"), 9,094,525 (the "'525 Patent"), 9,253,332 (the "'332 Patent"), and 9,843,612 (the "'612 Patent") (collectively, the "Patents-in-Suit").  The Patents-in-Suit all share a common specification and a common parent—United States Patent No. 7,664,056 (App. No. 2004/0223464 or the "'056 Patent), which was a Meetrix application and is a Meetrix patent. Specifically, Meetrix alleged that Cisco infringed by manufacturing, providing, selling, offering for sale, importing, and/or distributing infringing products and services; and/or induced others to make and use systems and methods of audio and video conferencing

2

communications incorporating Public Switched Telephone Network ("PSTN") over a data network, including use of Voice Over Internet Protocol ("VoIP") using virtual private networks and tunnels, as claimed in the Patents-in-Suit.

Prior to Defendant filing its answer, Meetrix filed its First Amended Complaint ("FAC") on June 21, 2018 (Doc. No. 18). Meetrix's FAC dropped an allegation present in its Original Complaint that "Cisco has had knowledge of its infringement of the Patents-in-Suit at least as early as approximately 2013, when Cisco offered to purchase the Patents-in-Suit from Meetrix Communications, Inc." *See* Doc. No 1 at ¶19. The removal of this allegation was out of an abundance of caution—as Meetrix still contends that such an occurrence happened.  Instead, the FAC relied on Cisco's patent prosecution activities to establish that not only did Cisco have post-suit knowledge of Meetrix's claims (as of the date of the Original Complaint) but it also had pre-suit knowledge of the Patents-in-Suit, by virtue of the fact that Meetrix's '056 Patent or its application were cited during the prosecution of five Cisco's patents.  *See* Dkt. No. 22 at ¶ 29. Rather than answering the FAC, Cisco cribbed a defunct motion to dismiss filed by Microsoft Corporation in a related case (*Meetrix IP, LLC v. Microsoft Corporation*, 1:18-cv-00310-LY, ECF No. 14 (W.D. Tex. June 25, 2018)).  That was Cisco's first motion to dismiss.  (Doc. No 19).

In response, Meetrix filed its Second Amended Complaint ("SAC") to address the complaints raised in Cisco's first motion to dismiss by including additional detail explaining its indirect and willful infringement allegations and the basis for Cisco's pre-suit knowledge of the Patents-in-Suit. *See* Doc. No. 22. Undeterred, Cisco filed a slightly modified second Motion to Dismiss (the instant Motion) which makes largely the same arguments as its prior motion to dismiss.

As shown below, Meetrix's SAC contains sufficient allegations of indirect and willful infringement which satisfy the *Iqbal/Twombly* standard supporting a "reasonable inference that the defendant is liable."

## III.    APPLICABLE LEGAL STANDARDS

Motions to dismiss under 12(b)(6) are viewed with disfavor and are rarely granted. *Belanger v. Geico Gen. Ins. Co.*, 623 Fed. Appx. 684, 686 (5th Cir. 2015) (per curiam). When deciding a Rule 12(b)(6) motion to dismiss, the court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 216-17 (5th Cir. 2014) (per curiam). A Rule 12(b)(6) motion to dismiss should only be granted if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In other words, "[t]he central issue [on a Rule 12(b)(6) motion] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotations omitted).

According to Federal Rule of Civil Procedure 8, a complaint is required to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To meet this standard, a plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014).   That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.* Deciding whether a claim is plausible is "a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *See id.* at 679; *accord United States Gypsum Co. v. New NGC, Inc.,* No. CV 17-130-VAC-MPT, 2017 WL 2538569, at *2 (D. Del. June 12, 2017), *rep. and recomm'n adopted*, No. 1:17-CV-130, 2017 WL 5187845 (D. Del. Aug. 18, 2017).

## IV.   ARGUMENT

### A.  Plaintiff has Properly Pleaded Indirect Infringement

Plaintiff has asserted two separate theories of indirect infringement—induced infringement and contributory infringement.   *See generally* Doc. No. 22 at ¶¶ 31-38.  Both types of indirect infringement include a "knowledge of the patent" element—whether it be pre-suit or post-suit knowledge.  Defendant seeks dismissal of all of Plaintiff's indirect infringement claims based on its sole argument that Plaintiff failed to properly allege the knowledge required for *pre-suit* infringement:  "Meetrix fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit, as required for its induced and contributory infringement claims."  Motion at 7.  Meetrix disagrees.  Notwithstanding, Defendant does not and cannot dispute the sufficiency of Plaintiff's post-suit knowledge allegations. Plaintiff's post-suit knowledge pleadings alone render Cisco's requested dismissal inappropriate and justify denial of Cisco's Motion.

A claim for induced infringement requires proof of direct infringement and that a defendant "knew or should have known that his actions would induce actual infringements."  *Eli Lilly and Co. v. Teva Parenteral Medicines*, 845 F.3d 1357, 1364 (Fed. Cir. 2017).  It must be shown that an infringer "induced infringing acts and that [it] knew or should have known [its] actions would induce actual infringements." *See Glob. Sessions, LP v. JPMorgan Chase & Co.*, A-13-CA-688-SS, 2013 WL 12086369, at *2 (W.D. Tex. Nov. 18, 2013) (quoting *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009)).

In its Second Amended Complaint, Plaintiff explains that as early as 2009, Cisco knew or should have known of the Patents-in-Suit because *five* of Cisco's patents cited the Patents-in-Suit's

parent application or patent, the '056 patent, as prior art.  SAC, Doc. No. 22 at ¶ 28-30.  Defendant

complains about these allegations because, according to Defendant, patent references "are

generally not sufficient alone, to support an inference of presuit knowledge."  Motion at 8.

However, taking all factual inferences in Plaintiff's favor, the five references in Cisco's patents

are sufficient to establish the plausibility of Cisco's pre-suit knowledge of the Patents-in-Suit.

In particular, *JPMorgan Chase* is instructive.  *Glob. Sessions, LP v. JPMorgan Chase &

Co.*, A-13-CA-688-SS, 2013 WL 12086369 (W.D. Tex. Nov. 18, 2013).  In *JPMorgan Chase*, this

Court found that plaintiff sufficiently plead the knowledge requirement for induced infringement

where one of plaintiff's patents were referenced by nearly a dozen of defendants' patents:

> Global Sessions alleges JPMorgan knew about at least one of the four asserted
> Global Sessions patents because a dozen JPMorgan patents filed between 2002 and
> 2006 specifically cite the Global Sessions patent as a reference. Those allegations
> are sufficient to raise a plausible inference JPMorgan had knowledge of the Global
> Sessions patent and its teachings, and therefore intended to induce infringement
> and knew, or should have known, its actions would induce infringement.

*JPMorgan Chase & Co.*, 2013 WL 12086369, at *2 (citations omitted).  As is the case here, since

five of Cisco's patents explicitly refer to the Patents-in-Suit's parent application or patent (which

shares a common specification with the Patents-in-Suit), Plaintiff has sufficiently plead pre-suit

knowledge.[1]  *See Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*, 2:15-CV-1274-JRG-

RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted*,

2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) (finding plausible that

"[defendant] could have learned of the [asserted patent] when it cited the [patent application that

---

[1] The assignee of the five Cisco patents is listed as "Cisco Technology, Inc.," Defendant Cisco
System, Inc.'s IP holding company.  Defendant Cisco contends, however, that "[e]ven if Meetrix
had alleged a sufficient factual basis for imputing Cisco Technologies, Inc.'s alleged knowledge
to Cisco Systems, Inc., it would not matter here."  Motion at n.5.  But Meetrix *does* detail how
Cisco Technology, Inc. imputed its knowledge to Cisco Systems, Inc., including the fact that the
two entities share the same office.  *See* SAC (Doc. No. 22) at ¶¶ 28-29.

issued the asserted patent].").  "To satisfy the knowledge element there must be actual knowledge of the patent's existence or willful blindness as to whether the patent exists."  *Iron Oak Techs., LLC v. Acer Am. Corp.*, 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citing *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

Notably, Defendant's sole argument concerns the sufficiency of Cisco's *pre-suit* knowledge.  Defendant, however, does not dispute Cisco's *post-suit* knowledge.  In its Second Amended Complaint, Meetrix alleges that "Cisco has had knowledge of the Patents-in-Suit at least as early as the service of the Original Complaint (Dkt. 1) on April 20, 2018 that asserted each of the Patents-in-Suit and explained Cisco's infringement of the same."  SAC, Doc. No. 22 at ¶ 30.  Cisco's post-suit knowledge alone is enough to warrant the denial of its Motion.  *See JPMorgan Chase & Co.*, 2013 WL 12086369, at *2.

"Failing to allege pre-suit knowledge '... is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period,'" including at the time the complaint was filed.  *See Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 6:11-CV-229, 2012 WL 9864381, at *4 (E.D. Tex. July 27, 2012) (original emphasis) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1344-46 (Fed. Cir. 2012) and noting "that alleged knowledge 'at the latest . . . when [defendant] was served with the complaint' [was] sufficient when plead in conjunction with facts plausibly showing intent to induce.").

Second, with regard to contributory infringement, Defendant makes the same argument— lack of pre-suit knowledge of the Patents-in-Suit.  Motion at 7.  Contributory infringement requires (1) direct infringement; (2) that a defendant "knew that the combination for which its components

were especially made was both patented and infringing;" and (3) that the components have "no substantial non-infringing uses."  *See Personal Audio, LLC v. Google, Inc*., 1:15-CV-350, 2017 WL 4837853, at *6 (E.D. Tex. May, 15, 2017) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc*., 424 F.3d 1293, 1312 (Fed. Cir. 2005)).  But for the same reasons that Defendant's argument fails for induced infringement, it also fails for contributory infringement. In short, Plaintiff disputes that its pre-suit knowledge allegations are insufficient. Notwithstanding, post-suit knowledge alone is sufficient to overcome dismissal of indirect claims, including, contributory infringement: "failing to allege pre-suit knowledge of the patent is not an adequate basis upon which to dismiss indirect infringement claims." *Uniloc USA, Inc. v. Motorola Mobility LLC*, 2:16-CV-989-JRG, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017); *see also Tierra Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc.*, C.A. No. 2:13-cv-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. March 24, 2014); *InMotion Imagery Techs. v. Brain Damage Films*, C.A. No. 2:11-cv-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012).

### B.  Plaintiff has Properly Alleged Willful Infringement

"A patent infringer's subjective willfulness, whether intentional or knowing, 'may warrant enhanced damages, without regard to whether his infringement was objectively reckless.'" *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. CV 17-313, 2018 WL 834583, at *12 (D. Del. Feb. 12, 2018) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016).  "A complaint may sufficiently plead a defendant's actual knowledge when a plaintiff alleges that a defendant previously filed papers with the PTO identifying the patents as prior art." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 229 (D. Del. 2012).

Defendant argues Plaintiff's allegations that it willfully infringed the Patents-in-Suit are deficient.  Motion at 11.  Specifically, Defendant asserts that Meetrix has not alleged: (a) pre-suit

knowledge of the Patents-in-Suit (under the same argument previously advanced); and (b) egregious conduct. *Id*. However, Cisco incorrectly characterizes Meetrix's allegations of knowledge and proposes erroneous legal standards for both knowledge and egregiousness.

First, with regard to pre-suit knowledge, Cisco's argument suffers the same fate as before— pre-suit knowledge is not determinative, post-suit knowledge is:

> [T]here is nothing in *Halo* suggesting that pre-suit knowledge is required for willfulness. In fact, *Halo* recognizes that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S. Ct. [1923,] 1933 [2016]. Culpability can arise pre- or post-suit—the scienter requirement is the same in either instance. The contrary conclusion would permit the very type of culpable behavior admonished by the Supreme Court in *Halo* simply because of timing. Such a conclusion is inconsistent with the flexibility provided by *Halo* and the elimination of the *Seagate* test.

*See Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, 216CV00052JRGRSP, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017), *report and recommendation adopted*, 2:16-CV-52-JRG-RSP, 2017 WL 1109875 (E.D. Tex. Mar. 24, 2017).  For the reasons stated above, Meetrix disputes that it has failed to properly allege Cisco's pre-suit knowledge based on the citations to Meetrix's patent family.  Meetrix Disagrees.  Regardless, Plaintiff's allegations that Cisco has had knowledge and continues to infringe as early as the date of service of the Plaintiff's original complaint, is sufficient to meet its pleading standard for willful infringement.

As to egregiousness, this is simply not required at the pleading stage; instead "after *Halo*, broader allegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss." *See Kyowa Hakka Bio, Co.*, 2018 WL 834583, at *13.  The *Kyowa* Court stated, "[t]hus, where a complaint permits an inference that the defendant was on notice of the potential infringement and still continued its infringement, the plaintiff has pled a plausible claim of willful infringement."  *Id*.

Contrary to Defendant's allegations, Plaintiff alleges facts giving rise to its allegations of willfulness.  SAC, Doc. No. 22 at ¶¶ 63-65.  Namely, Defendant had knowledge of the Patents-in-Suit and intended the infringement.  *See id.*  Defendant continued its infringement unabated notwithstanding this knowledge.  Under *Halo* and its progeny, Meetrix has stated a claim for willfulness.

## V.      CONCLUSION

For the reasons set forth above, this Court should deny Defendant's Motion to Dismiss.  At minimum, dismissal of Meetrix's pre-suit indirect and willfulness claims with prejudice is inappropriate until Meetrix has been afforded the opportunity to take discovery on the earliest date on which its claim for indirect infringement and/or willfulness arose.


Dated:  August 23, 2018                    Respectfully submitted,

By:     */s/ Andrew G. DiNovo*
        Andrew G.  DiNovo
        Texas State Bar No. 00790594
        adinovo@dinovoprice.com
        Daniel L. Schmid
        Texas State Bar No. 24093118
        dschmid@dinovoprice.com
        **DiNovo Price LLP**
        7000 N. MoPac Expressway, Suite 350
        Austin, Texas  78731
        Telephone:  (512) 539-2626
        Telecopier:  (512) 539-2627

John D. Saba, Jr.
Texas State Bar No. 24037415
john@wittliffcutter.com
W. Reid Wittliff
Texas State Bar No. 00791951
reid@wittliffcutter.com
Ryan A. Botkin
Texas State Bar No. 00793366
ryan@wittliffcutter.com
**WITTLIFF | CUTTER | AUSTIN, PLLC**
1803 West Ave.
Austin, Texas 78701
Telephone: (512) 960-4388
Facsimile:  (512) 960-4869

**ATTORNEYS FOR PLAINTIFF
MEETRIX IP, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the  23rd of August, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of  this document via the Court's CM/ECF system.

 /s/ *Andrew G. DiNovo*           
Andrew G. DiNovo