**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | **Civil No. 1:18-cv-00309-LY** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF MOTION TO
DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS FOR FAILURE TO
STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT .......................................................................................................2

    A.   Meetrix's Indirect Infringement Claims Should Be Dismissed............................ 2

        1.   Meetrix Cannot Establish Pre-Suit Knowledge Based on Cisco's Alleged
            Reference to Related Patents During Patent Prosecution .......................... 2

        2.   The Court Should Dismiss Meetrix's Indirect Infringement Claims in their
            Entirety Due to Lack of Pre-Suit Knowledge ............................................ 4

    B.   Meetrix's Willful Infringement Claims Should Be Dismissed............................. 6

        1.   Pre-Suit Knowledge Is Still Required for Willfulness Claims .................. 6

        2.   Meetrix's Failure to Plead Any Facts to Show Egregiousness Is Fatal ...... 8

    C.   The Court Should Reject Meetrix's Request for Pre-Suit Knowledge
       Discovery .................................................................................................... 9

III. CONCLUSION....................................................................................................9

**TABLE OF AUTHORITIES**

**Cases**                                                                                               **Page(s)**

*Affinity Labs of Texas, LLC v. Blackberry Limited*, Case No. W:13-CV-362,
    2014 WL 12551207 (W.D. Tex. Apr. 30, 2014)..........................................................................5

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR,
    2011 WL 2471299 (W.D. Tex. June 17, 2011) ....................................................................5

*Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817 (D. Del. 2011) ................................3

*Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*, 2:15-CV-1274-JRG-RSP,
    2016 WL 4778699 (E.D. Tex. Aug. 19, 2016) ....................................................................4

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, Civil Action File No. 1:16–CV–
    2669–MHC, 2017 WL 3469535 (N.D. Ga. Apr. 6, 2017)....................................................6-7

*Finjan, Inc. v. Cisco Sys. Inc.*, Case No. 17–cv–00072–BLF,
    2017 WL 2462423 (N.D. Cal. June 7, 2017) ......................................................................8

*Finjan, Inc. v. Juniper Networks, Inc.,* No. C 17-05659-WHA,
    2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ......................................................................7

*Global Sessions, LP v. JPMorgan Chase & Co.*, Case No. A-13-CA-688-SS,
    2013 WL 12086369 (W.D. Tex. Nov. 18, 2013)..................................................................3

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016).....................................1

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, 216-CV-00052-JRG-RSP,
    2017 WL 1129951 (E.D. Tex. Feb. 21, 2017) .....................................................................6-7

*Jenkins v. LogicMark, LLC*, Civil Action No. 3:16–CV–751–HEH,
    2017 WL 376154 (E.D. Va. Jan. 25, 2017) ........................................................................8

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.,* No. CV-17-313,
    2018 WL 834583 (D. Del. Feb. 12, 2018)........................................................................2, 8

*Mentor Graphics Corp. v. EVE-USA, Inc.*, 831 F.3d 1275 (Fed. Cir. 2017)................................7

*MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225
    (D. Del. 2012) ...............................................................................................................2

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, Case No. 6:11-CV-
    229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) ............................................................5

*Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS–
    CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017)..............................................................3

*Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13–CV–02024–RMW,
2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) ........................................................................7

*Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-84 RWS-JDL,
2017 WL 4693512 (E.D. Tex. July 19, 2017) ....................................................................6, 9

*Rembrandt Soc. Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876
(E.D. Va. 2013) .........................................................................................................................6

*Software Research, Inc. v. Dynatrace LLC*, Case No. 18-cv-00232-EMC,
2018 WL 3241043 (N.D. Cal. Jul. 3, 2018) .......................................................................6, 7

*Uniloc USA, Inc. v. Motorola Mobility LLC*, Case No. 2:16-CV-989-JRG,
2017 WL 3721064 (E.D. Tex. May 15, 2017) ..........................................................................5

*Varian Med. Sys., Inc. v. Elekta AB*, Civil Action No. 15–871–LPS,
2016 WL 3748772 (D. Del. July 12, 2016) ............................................................................8

*Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11–06638 RS,
2012 WL 1831543 (N.D. Cal. 2012) .......................................................................................4

I.     **<u>INTRODUCTION</u>**

Meetrix's Opposition confirms that, despite three attempts, it cannot sufficiently plead indirect and willful infringement. Its repeated efforts to provide factual and legal support for those claims fail, and those claims should be dismissed with prejudice.

First, Meetrix did not allege facts showing that Cisco actually knew of any of the Patents-in-Suit before this suit was filed; instead, it relies solely on the allegation that another Meetrix patent and patent application in the same family as the Patents-in-Suit (but none of the Patents-in-Suit themselves) were cited in Cisco patents. This is essentially a constructive knowledge theory that fails as a matter of law. The case law—which Meetrix ignores—is clear that constructive knowledge cannot be substituted for actual knowledge of the patents-in-suit to state claims for indirect and willful infringement. Accordingly, it is not surprising that Meetrix fails to cite a single case in which a court found pre-suit knowledge based on such a tenuous allegation alone.

Unable to satisfy the pre-suit knowledge requirement, Meetrix next argues that Cisco's knowledge since the service of the original Complaint is sufficient to save its claims for both indirect and willful infringement. However, in this District indirect infringement claims have been dismissed in total where, as here, a party pursued a claim for indirect infringement based on alleged pre- and post-filing allegations, without alleging pre-filing knowledge. And, despite Meetrix's mischaracterization of the Supreme Court's decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016), multiple decisions provide that pre-suit knowledge remains a requirement for pleading willful infringement claims. Thus, Meetrix's failure to plausibly allege Cisco's pre-suit knowledge of the patents is fatal to its indirect and willfulness claims.

Second, Meetrix argues that its boilerplate willfulness allegations are sufficient and that it is not required to plead any facts showing any egregious conduct by Cisco. Meetrix is wrong.

Indeed, Meetrix's argument is directly contrary to the one case on which it relies, *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, which required sufficient facts to infer egregious conduct. Many other post-*Halo* decisions also make clear that a willful infringement claim must include facts showing egregiousness. Thus, Meetrix's formulaic, fact-free claim of willfulness is insufficient and should be dismissed.

## II.   ARGUMENT

### A.   Meetrix's Indirect Infringement Claims Should Be Dismissed

#### 1.   *Meetrix Cannot Establish Pre-Suit Knowledge Based on Cisco's Alleged Reference to Related Patents During Patent Prosecution*

Meetrix's claim that Cisco had pre-suit knowledge of the Patents-in-Suit rests solely on the allegation that Cisco cited during prosecution of its own patents another Meetrix patent and application that are within the same patent family but are not the Patents-in-Suit themselves. *See* D.I. 22, ¶ 29.[1] But knowledge of one family member does not equate to knowledge of every relative. Indeed, this lone allegation in the Second Amended Complaint ("SAC") does not show that Cisco had actual pre-suit knowledge of the Patents-in-Suit. Meetrix's arguments to the contrary are meritless.

First, as Cisco noted in its opening brief, Meetrix's pre-suit knowledge theory fails because it is essentially predicated on alleged constructive knowledge, rather than actual knowledge, of the Patents-in-Suit. *See* D.I. 24, at 7-8; *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp.

---

[1] To try to embellish this allegation, Meetrix asserts in its brief (but not in the SAC) that "Meetrix's patents were cited against [Cisco's] own applications time and time again . . ."  D.I. 28, at 2. There is no such allegation in the SAC nor any basis for this assertion. In fact, the Meetrix parent patent or its application were merely cited on the face of the Cisco patents along with tens of other patents and publications as having been identified by either the patentee or the examiner as being potentially relevant to the Cisco patents. To imply that the Meetrix parent patent or application were in any way singled out by the examiner as being invalidating or the subject of substantive office action, as Meetrix implies, is false.

2d 225, 232 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under the Supreme Court's decision in *Global–Tech,* unless the patentee is claiming willful blindness.") (citation omitted). The Federal Circuit has rejected constructive knowledge arguments, such as the one that Meetrix is making here. *See Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011) aff'd, 522 Fed. Appx. 912 (Fed. Cir. 2013) ("There is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases . . . based on the listing of a patent on the face of another patent."). Meetrix also does not address the more recent decision Cisco previously cited, which holds that "allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent." *Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS–CJB, 2017 WL 6337188, *1 (D. Del. Dec. 12, 2017) (citations omitted); D.I. 24, at 8. Having no answer to this case law, Meetrix simply ignores it.

Moreover, Meetrix does not identify a single case in which a court found pre-suit knowledge based on citation of a related patent alone. Instead, Meetrix relies on *Global Sessions, LP v. JPMorgan Chase & Co.*, in which that court did not find pre-suit knowledge based on the defendant's citation to a related patent application or patent, but rather on the defendant's citation to one of the asserted patents in the case. *See* Case No. A-13-CA-688-SS, 2013 WL 12086369, *2 (W.D. Tex. Nov. 18, 2013). *Global Sessions* simply does not hold that citation to a related patent application or patent is sufficient to constitute pre-suit knowledge of the patent-in-suit.

Meetrix next argues, with no case law on point, that the alleged reference to the related patent/application constitutes pre-suit knowledge of the Patents-in-Suit because the related patent/application shares a common specification with the Patents-in-Suit. *See* D.I. 28, at 6. The

only case Meetrix cites for this proposition is clearly distinguishable. In *Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*, the patent owner had previously disclosed to the alleged infringer the application that matured into a patent-in-suit and the alleged infringer cited that application in an *Inter Partes* Review proceeding. *See* 2:15-CV-1274-JRG-RSP, 2016 WL 4778699, *6 (E.D. Tex. Aug. 19, 2016), *rep't and rec. adopted*, 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016). By comparison, Meetrix does not allege that it brought to Cisco's attention any application for any of the Patents-in-Suit, or that any such application was cited in any Cisco patent. In fact, most of the Patents-in-Suit had not issued at the time the Cisco patents were being prosecuted. *See* D.I. 24, at 9.[2]

In sum, Meetrix has now tried three times to plead facts sufficient to show that Cisco had pre-suit knowledge of the Patents-in-Suit. Meetrix has failed each time and this allegation should be dismissed with prejudice.[3]

    2.    *The Court Should Dismiss Meetrix's Indirect Infringement Claims in their Entirety Due to Lack of Pre-Suit Knowledge*

Recognizing the lack of support for its pre-suit knowledge allegations, Meetrix falls back to the argument that its indirect infringement claims should at least survive based on post-suit knowledge from the date of the original Complaint. *See* D.I. 28, at 7-8; D.I. 22, ¶ 30. However,

---

[2] Meetrix likewise makes no effort to distinguish cases in which courts have held that knowledge of pending patent applications is insufficient to constitute knowledge of a later issued patent (much less, knowledge of a related patent). *See* D.I. 24, at 8; *Vasudevan Software, Inc. v. TIBCO Software Inc.,* No. C 11–06638 RS, 2012 WL 1831543, *5-7 (N.D. Cal. 2012).

[3] In its brief, Meetrix refers to an allegation it did not plead in its SAC or in its First Amended Complaint, *i.e.*, that Cisco allegedly offered to purchase the Meetrix patents in 2013. *See* D.I. 28, at 3. Meetrix argues that it "still contends" that this happened, but omitted it from its current pleadings "out of an abundance of caution." *Id*. If Meetrix had a good faith basis for making the allegation in its SAC that satisfied Rule 11, it would not have felt compelled to withdraw the allegation. In any case, this allegation is not part of the operative pleading and is not properly before the Court.

courts in this district have dismissed indirect infringement claims in total for failing to properly plead pre-suit knowledge. For example, in *Affinity Labs of Texas, LLC v. Blackberry Limited*, Case No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014), the court dismissed an inducement claim for which pre-suit knowledge was absent even though the plaintiff pled that the defendant had post-suit knowledge from the filing of the complaint. The court found that "[t]he complaint does not express whether the induced infringement claim is limited to patent violations that occurred after the lawsuit was filed, or if the induced infringement claim includes Blackberry's conduct or knowledge pre-lawsuit." *Id.*, at *4. The court dismissed the indirect infringement claim in its entirety rather than "speculate as to the extent and scope of" the claim, which is "not sufficient to satisfy the pleading standard established in *Iqbal* and *Twombly*." *Id.*; *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, *3 (W.D. Tex. June 17, 2011) (recommending dismissal of indirect infringement claim in its entirety, in part because "[t]o the extent [Plaintiff] relies on knowledge of [his] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement").

Further, the cases upon which Meetrix relies regarding the sufficiency of post-suit knowledge are inapposite. In *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, unlike here, the plaintiff had not pled pre-suit knowledge allegations, thus making clear that its indirect infringement claim was limited to post-suit conduct. *See* Case No. 6:11-CV-229, 2012 WL 9864381, *4 (E.D. Tex. July 27, 2012) (citations omitted). Also unlike here, in *Uniloc USA, Inc. v. Motorola Mobility LLC*, the plaintiff did not attempt to plead pre-suit indirect infringement. *See* Case No. 2:16-CV-989-JRG, 2017 WL 3721064, *4 (E.D. Tex. May 15, 2017).

As in *Affinity Labs*, here, the SAC does not indicate whether Meetrix's indirect infringement claims are limited to Cisco's alleged post-suit activity, and indeed the SAC suggests

the opposite by referring to inadequate pre-suit knowledge allegations. *See* D.I. 22, ¶ 29. The Court and Cisco should not have to speculate as to the scope of the indirect infringement claims and those claims should be dismissed in their entirety.

If the Court is not inclined to dismiss the indirect infringement claims in their entirety, the Court should dismiss the pre-suit portion of the indirect infringement claims and limit the indirect infringement claims to the period following the filing of the original Complaint, for the reasons explained herein and in Cisco's opening brief. *See e.g., Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-84 RWS-JDL, 2017 WL 4693512, *6 (E.D. Tex. July 19, 2017), *rep't and rec. adopted*, No. 6:17-CV-84, 2017 WL 3599537 (E.D. Tex. Aug. 21, 2017) (dismissing pre-suit indirect infringement claim and limiting claim to alleged post-suit activity); *Software Research, Inc. v. Dynatrace LLC*, Case No. 18-cv-00232-EMC, 2018 WL 3241043, *17 (N.D. Cal. Jul. 3, 2018) (same); *Rembrandt Soc. Media, LP v. Facebook, Inc*., 950 F. Supp. 2d 876, 887 (E.D. Va. 2013) (same).

### B.   Meetrix's Willful Infringement Claims Should Be Dismissed

#### 1.   *Pre-Suit Knowledge Is Still Required for Willfulness Claims*

As discussed *supra*, Meetrix has not alleged facts showing that Cisco had pre-suit knowledge of any of the Patents-in-Suit. *See* § II.A. This failure is equally fatal to Meetrix's willfulness claims because such knowledge is required to state a claim for willful infringement. *See Cooper Lighting, LLC v. Cordelia Lighting, Inc*., Civil Action File No. 1:16–CV–2669–MHC, 2017 WL 3469535, *2–3 (N.D. Ga. Apr. 6, 2017) ("Plaintiff's willful infringement claim, which is based solely on Defendants' post-filing conduct, fails as a matter of law.").

Meetrix argues that this deficiency can be cast aside because "pre-suit knowledge is not determinative, post-suit knowledge is" with regard to willful infringement. Meetrix's sole support for that argument is *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, 216-CV-00052-JRG-RSP, 2017

WL 1129951 (E.D. Tex. Feb. 21, 2017), *rep't and rec. adopted*, 2:16-CV-52-JRG-RSP, 2017 WL

1109875 (E.D. Tex. Mar. 24, 2017). *See* D.I. 28, at 9. According to Meetrix, *Huawei* stands for

the proposition that pre-suit knowledge is not required to state a claim for willful infringement

after *Halo* because culpability for willful infringement can arise post-suit. *See id*. Even crediting

Meetrix with this interpretation of *Huawei*, the Federal Circuit has made clear that is not the law.

A defendant's subjective intent, based on pre-litigation conduct, remains critical to the pleading

and determination of willful infringement since *Halo*. *See Mentor Graphics Corp. v. EVE-USA,*

*Inc.*, 831 F.3d 1275, 1295 (Fed. Cir. 2017) (in post-*Halo* decision, quoting *Seagate* statement that

"in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct"

because "a patentee must have a good faith basis for alleging willful infringement"); *Radware,*

*Ltd. v. F5 Networks, Inc*., No. 5:13–CV–02024–RMW, 2016 WL 4427490, *6 (N.D. Cal. Aug.

22, 2016) ("*Halo* did not disturb this ruling [from *Seagate* that willful infringement requires pre-

filing, not post-filing, conduct], as post-filing conduct was not at issue in *Halo*"); *Cooper Lighting,*

2017 WL 3469535, at *2–3 (dismissing willfulness claim based solely on post-filing conduct).

Thus, to the extent that *Huawei* suggests otherwise, it is not consistent with these authorities, it is

not binding authority, and the Court should not follow it.[4] *See also*, *Software Research, Inc.,* 2018

WL 3241043, at *16 (dismissing willful infringement claim in which plaintiff failed to plead pre-

suit knowledge of the asserted patents and thus had not shown piratical behavior under *Halo*);

*Finjan, Inc. v. Juniper Networks, Inc.,* No. C 17-05659-WHA, 2018 WL 905909, *4 (N.D. Cal.

---

[4]*Huawei* is not like the present case in any event, and its comments about the impact of *Halo* on
the pre-suit knowledge requirement are dicta. In *Huawei,* the Court found sufficient pre-suit
knowledge allegations that "give rise to a plausible inference" of willfulness where plaintiff
alleged that 18 months prior to filing suit it informed the defendant that it infringed and sought to
enter a non-disclosure agreement to discuss licensing. *See id*., at *4. Given that *Huawei* found
sufficient pre-suit knowledge, the Court's comments that such knowledge is no longer required
was not necessary to its holding. As such, the Court's opinion on this subject is mere dicta.

Feb. 14, 2018) (finding pre-suit knowledge allegations deficient).

        2.       *Meetrix's Failure to Plead Any Facts to Show Egregiousness Is Fatal*

Meetrix does not allege any egregious conduct by Cisco and, instead, pleads only boilerplate legal conclusions. *See* D.I. 22, ¶¶ 64-65. Meetrix argues that "broader allegations of willfulness are sufficient," and it has no obligation to plead facts showing that Cisco's behavior is "egregious" as outlined by *Halo*. *See* D.I. 28, at 9-10. Meetrix is incorrect.

To begin with, many courts have required plaintiffs to allege facts plausibly showing that the defendant behaved egregiously in line with the standard for willful infringement under *Halo*. *See, e.g.*, *Varian Med. Sys., Inc. v. Elekta AB*, Civil Action No. 15–871–LPS, 2016 WL 3748772, *8 (D. Del. July 12, 2016) (plaintiff failed to plead how alleged conduct "amounted to an egregious case of infringement of the patent"); *Finjan, Inc. v. Cisco Sys. Inc.*, Case No. 17–cv–00072–BLF, 2017 WL 2462423, *5 (N.D. Cal. June 7, 2017) (dismissing plaintiff's willful infringement claim because, *inter alia*, the complaint failed to make sufficient factual allegations that defendant's behavior was "egregious . . . beyond typical infringement") (internal quotation marks omitted); *Jenkins v. LogicMark, LLC*, Civil Action No. 3:16–CV–751–HEH, 2017 WL 376154, *5 (E.D. Va. Jan. 25, 2017) ("Therefore, the Court finds that, at a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in [*Halo*]."). Given that *Halo* requires egregious misconduct, it makes sense that a plaintiff should have to plead facts plausibly showing the alleged infringer has acted according to that standard. Here, Meetrix has utterly failed to do so.

Further, Meetrix's reliance on *Kyowa Hakka Bio, Co. v. Ajinomoto Co.,* No. CV-17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) is misplaced. *Kyowa* held that "[m]ere formulaic pleading of willful infringement will not survive a Rule 12(b)(6) motion," and that court still required allegations sufficient to give rise to a "sufficient inference of egregiousness." *Id.*, at *13.

In that case, such allegations included that the plaintiff had approached the defendant, pre-suit, about a license to the asserted patent and asked for information about the defendant's product–a request the defendant ignored. *See id*. Here, Meetrix alleges no such facts and its willfulness pleading is entirely formulaic, consisting simply of references to "reckless disregard," "bad faith," and other legal conclusions. *See* D.I. 22, ¶¶ 64-65. These allegations are not the "broader allegations of willful infringement" that were found sufficient in *Kyowa* and they are not sufficient to state a claim. Thus, the Court should dismiss Meetrix's willfulness claim.

### C.     The Court Should Reject Meetrix's Request for Pre-Suit Knowledge Discovery

In the Conclusion section of its brief, Meetrix requests (without citing any authority) that a decision on Cisco's Motion to Dismiss be delayed until Meetrix has been given the opportunity to "take discovery on the earliest date on which its claim for indirect infringement and/or willfulness arose." *See* D.I. 28, at 10. Meetrix's request turns the pleading standard on its head and it should be denied. There is no basis for this request under Rule 12(b)(6) or otherwise, and other courts have rejected such requests. *See Realtime Data*, 2017 WL 4693512, at *6 (rejecting request for discovery into pre-suit knowledge and reasoning that "[i]f Realtime ultimately uncovers facts supporting a theory that EchoStar/Hughes had pre-suit knowledge of the asserted patents, it may seek leave to amend its complaint to set forth those factual assertions. At this time, however, Realtime has not provided any factual basis for such a claim . . . ."). Meetrix has already tried three times to plead sufficient facts to establish that Cisco had actual, pre-suit knowledge of the Patents-in-Suit and has not been able to do so. Accordingly, Meetrix's request should be denied.

### III.   CONCLUSION

In view of the foregoing, Cisco respectfully requests that the Court grant its motion and dismiss Meetrix's indirect and willful infringement claims in their entirety.

Dated: August 30, 2018                    Respectfully submitted,

                                          By: */s/ Gilbert A. Greene*
                                          Gilbert A. Greene
                                          State Bar No. 24045976
                                          Pierre J. Hubert
                                          State Bar No. 24002317
                                          DUANE MORRIS LLP
                                          7500 Rialto Boulevard
                                          Building 1, Suite 230
                                          Austin, TX 78735-8560
                                          Tel: (512) 277-2300
                                          Fax: (512) 277-2301
                                          BGreene@duanemorris.com
                                          PJHubert@duanemorris.com

                                          Louis N. Jameson (admitted *pro hac vice*)
                                          Matt Yungwirth (admitted *pro hac vice*)
                                          DUANE MORRIS LLP
                                          1075 Peachtree Street, N.E., Suite 2000
                                          Atlanta, Georgia 30309-3929
                                          Tel: (404) 253-6900
                                          Fax: (404) 253-6901
                                          wjameson@duanemorris.com
                                          MSYungwirth@duanemorris.com

                                          Daniel T. McCloskey (admitted *pro hac vice*)
                                          DUANE MORRIS LLP
                                          2475 Hanover Street
                                          Palo Alto, CA 94304
                                          Tel: (650) 847-4150
                                          Fax: (650) 847-4151
                                          dtmccloskey@duanemorris.com

                                          **COUNSEL FOR DEFENDANT
                                          CISCO SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I certify that on August 30, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Gilbert A. Greene
Gilbert A. Greene