IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MEETRIX IP, LLC,
    PLAINTIFF,

V.             CAUSE NO. 1-18-CV-309-LY

CISCO SYSTEMS, INC.,
    DEFENDANT.

## ORDER

Before the court in the above-styled and numbered cause are Defendant's Motion to Dismiss Indirect and Willful Infringement Claims for Failure to State a Claim filed August 2, 2018 (Doc. #24); Plaintiff's Response to Defendant's Motion to Dismiss filed August 23, 2018 (Doc. #28); and Defendant's Reply in Support of Motion to Dismiss Indirect and Willful Infringement Claims for Failure to State a Claim filed August 30, 2018 (Doc. #29). The court, having thoroughly reviewed the motion, response, reply, the applicable law, and the entire case file, will grant-in-part and deny-in-part the motion to dismiss for the reasons to follow.

On July 19, 2018, Plaintiff Meetrix IP, LLC ("Meetrix") filed Plaintiff's Second Amended Complaint accusing Defendant Cisco Systems, Inc. ("Cisco") of directly and indirectly infringing United States Patent Nos. 9,253,332 (the "'332 Patent"), 9,094,525 (the "'525 Patent"), 8,339,997 (the "'997 Patent"), and 9,843,612 (the "'612 Patent") (collectively, "the Asserted Patents") through the manufacture, sale, and use of Cisco's WebEx Meeting product. Meetrix also accuses Cisco of willfully infringing one or more of the Asserted Patents. Each of the Asserted Patents is a continuation of U.S. Patent Application Ser. No. 2004/0223464, now

issued United States Patent No. 7,664,056. The Asserted Patents disclose systems and methods of audio-video conferencing.

Cisco asserts that Meetrix's complaint fails to state a claim of indirect infringement under Section 271(b) and (c) of Title 35 of the United States Code because the complaint fails to allege facts raising a plausible inference of Cisco's pre-suit knowledge of the Asserted Patents. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (noting "the *Iqbal / Twombly* [pleading] standard unquestionably applies to . . . allegations of induced and contributory infringement."). Cisco also argues Meetrix's complaint fails to state a claim of willful infringement under Section 284 of Title 35 of the United States Code because the complaint does not plausibly show pre-suit knowledge of the Asserted Patents or egregiousness as required under *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016).

Meetrix responds that, read in a light most favorable to the plaintiff, the complaint's allegation that several of Cisco's patents cite the Asserted Patents' parent application raises a plausible inference of pre-suit knowledge of the Asserted Patents. Meetrix also argues that although Cisco's motion attacks the pre-suit knowledge allegations, post-suit knowledge alone is sufficient to state a claim for indirect and willful infringement. Finally, Meetrix argues allegations of egregiousness are not required at the pleading stage under *Halo*.

I.     *Legal Standard*

To survive Cisco's motion to dismiss, Meetrix's complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the standard "asks for more than a sheer possibility that a defendant has acted unlawfully," it is not "akin to a probability requirement." *Id.* (internal quotations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

II.   *Indirect Infringement*

Indirect infringement under Section 271(b)–(c) requires actual knowledge of or willful blindness to the infringed patent's existence. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011); *see also Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-143-RP-JCM, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citing *Global-Tech*, 563 U.S. at 766) ("To satisfy the knowledge element [of induced infringement], there must be *actual knowledge* of the patent's existence . . . ."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 n.6 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under . . . *Global-Tech*, unless the patentee is claiming willful blindness."). Meetrix's complaint alleges Cisco received actual notice of the Asserted Patents in connection with the prosecution activities of Cisco's patent-

holding subsidiary Cisco Technology, Inc. The complaint alleges the parent application of the Asserted Patents was cited in the course of prosecuting five Cisco-owned patents.[1]

Meetrix's allegation of actual notice stemming from Cisco's prosecution activity is too attenuated to plausibly infer that Cisco had pre-suit knowledge of the Asserted Patents. *See Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (concluding no pre-suit knowledge of asserted patent when defendant's patent cited another patent which itself referenced asserted patent); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) (concluding awareness of Asserted Patent's application and related patent with same specification insufficient to infer pre-suit knowledge of Asserted Patent). Although the parent application cited in Cisco's patents shares a specification with the Asserted Patents, it is a patent's *claims* that put potential infringers on notice, not the specification. *Vasudevan*, 2012 WL 1831543, at *3 n.3; *cf. State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("Filing an application is no guarantee any patent will issue, and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable."). Although citing a different patent's application alone fails to raise a plausible inference of pre-suit knowledge, in this case the link is

---

[1] U.S. Patent Nos. 8,037,303; 8,582,468; 8,667,095; 8,953,486; and 9,357,164. The court takes judicial notice of these patents pursuant to Federal Rule of Evidence 201: "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. *Cf. Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (taking judicial notice of patent's reexamination record). Cisco requested judicial notice in its first motion to dismiss and renewed that request in the motion currently before the court. Meetrix has not objected to Cisco's request for judicial notice.

more tenuous because the citations were added by the patent examiner—not the patentee—and appear in a list of several dozen other references.

Furthermore, the authorities cited by Meetrix holding that citations to the patents-in-suit raise an inference of actual knowledge are distinguishable and unpersuasive. *See Glob. Sessions, LP v. JPMorgan Chase & Co.*, No. A-13-CA-688-SS, 2013 WL 12086369, at *2 (W.D. Tex. Nov. 18, 2013) (allegation that a dozen of alleged infringer's patents directly cited patent-in-suit sufficient to plausibly infer pre-suit knowledge); *Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *adopted by* No. 2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sep. 13, 2016) (allegation that alleged infringer's citation to asserted patent's application in *inter partes* reexamination proceeding filed one year after issuance of asserted patent raises plausible inference of pre-suit knowledge).

Additionally, Meetrix's complaint fails to allege facts sufficient to plausibly infer Cisco was willfully blind to the existence of the Asserted Patents. Although the court accepts as true all factual allegations in the complaint, Meetrix's legal conclusion that Cisco "was willfully blind to the Patents-in-Suit" lacks supporting factual allegations and need not be accepted as true. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

However, Meetrix's complaint sufficiently alleges post-suit knowledge of the Asserted Patents. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1344–46 (Fed. Cir. 2012) (reversing dismissal of indirect infringement claims that alleged defendant had actual knowledge of asserted patent as of service of complaint); *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 WL 9864381, at *4 (E.D. Tex.

Jul. 27, 2012) (denying motion to dismiss indirect infringement claims because plaintiff sufficiently pled post-suit knowledge of asserted patents). Each count of the complaint alleges indirect infringement "at least since [Cisco's] receipt of notice and/or the filing of the Original Complaint." Nonetheless, the court agrees with Cisco that because the complaint fails to sufficiently allege pre-suit knowledge, the pre-suit portion of the indirect-infringement claims should be dismissed. *See Realtime Data LLC v. EchoStar Corp.*, No. 6:17-cv-84-RWS-JDL, 2017 WL 4693512, at *6 (E.D. Tex. Jul. 19, 2017), *adopted by* No. 6:17-cv-84, 2017 WL 3599537 (E.D. Tex. Aug. 21, 2017) (dismissing indirect infringement claims with respect to pre-suit conduct); *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1135–36 (N.D. Cal. Jul. 3, 2018) (granting motion to dismiss indirect infringement claims with regard to pre-filing conduct but denying motion to dismiss with respect to post-filing conduct).

III. *Willful Infringement*

In a patent-infringement case, the court "may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284 (2012). "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. Cisco argues that Meetrix's complaint fails to state a claim for willful infringement because the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*. The court agrees.[2]

Meetrix's complaint alleges:

---

[2] Because the court dismisses the willful-infringement claim on this basis, the court need not reach the issue of whether post-suit conduct alone is sufficient to sustain a willfulness claim.

> Cisco has knowingly or with reckless disregard willfully infringed o6e [sic] or more of the Patents-in-Suit in a deliberate act of bad-faith. Cisco has thus had actual notice of infringement of one or more of the Patents-in-Suit and acted despite an objectively high likelihood that its actions constituted infringement of a Plaintiff's valid patent rights.
>
> This objective risk was either known or so obvious that it should have been known to Defendant Cisco.

Meetrix's willfulness claim has two fatal flaws. First, Meetrix's complaint states legal conclusions without "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Meetrix's "[t]hreadbare recital[] of the elements of [willful infringement], supported by mere conclusory statements, do[es] not suffice." *Id.*; *see also Jenkins v. LogicMark, LLC*, No. 3:16-cv-751-HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) (dismissing willful infringement claim that made "naked accusations devoid of any details to warrant their plausibility"); *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016), *adopted by* No. 15-871-LPS, 2016 WL 9307500 (D. Del. Dec. 22, 2016) (recommending dismissal of willful-infringement claim that "does little more than provide a formulaic recitation of the pre-*Halo* elements" and failed to articulate how alleged infringer's conduct "amounted to an egregious case of infringement"). Meetrix responds that factual allegations supporting a plausible inference of egregiousness are not required, relying solely on *Kyowa Hakka Bio, Co. v. Ajinomoto Co.* in support. No. 17-313, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018). However, the complaint in *Kyowa* includes factual allegations of pre-suit communication and license negotiations between the parties, which—when accepted as true—permitted a plausible inference of subjective willfulness. *Id.* Meetrix's willfulness claim wholly lacks such factual allegations.

7

Second, Meetrix's complaint states the elements of the *Seagate* test for willful infringement. But the United States Supreme Court explicitly overruled that test in *Halo*:

> Under *Seagate*, a patent owner must first "show . . . that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Second, the patentee must demonstrate . . . that the risk of infringement "was either known or so obvious that it should have been known to the accused infringer." The question before us is whether this test is consistent with § 284. We hold that it is not.

*Halo*, 136 S. Ct. at 1928 (quoting *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc)). Meetrix's willfulness allegation under the abrogated *Seagate* standard fails to state a claim for willful infringement. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Indirect and Willful Infringement Claims for Failure to State a Claim filed August 2, 2018 (Doc. #24) is **GRANTED IN PART AS FOLLOWS**: Plaintiff's claim of indirect infringement is dismissed to the extent it relies on pre-suit knowledge of the Asserted Patents, and Plaintiff's claim of willful infringement is dismissed in its entirety. In all other respects, the motion is **DENIED**.

SIGNED this _30th_ day of November, 2018.

                                            LEE YEAKEL
                                            UNITED STATES DISTRICT JUDGE